■ In the Matter of TERRY S. and Others, Alleged to be Permanently Neglected Children. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROL T., Appellant.— Yesawich, Jr., J. Appeal from an order of the Family Court of Albany County (Cardona, J.), entered May 25, 1988, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate two of respondent's children to be permanently neglected children, and terminated respondent's parental rights.

Petitioner filed a petition charging respondent, the biological mother, with permanently neglecting two of her children, Terry and Charles. At the time the petition was filed, Terry

was six years old and Charles was four years old; both children had been in foster care for two years. Terry was removed from respondent's custody after bruises, allegedly inflicted by respondent's live-in boyfriend, were discovered about his genital area. Respondent voluntarily placed Charles under petitioner's supervision. After a two-month relocation, Charles was returned to respondent's home. One month later, respondent again placed him in petitioner's custody. Both children have resided continuously with a foster family since their placement.

In April 1985, three months after Charles was placed in foster care, respondent left New York with her boyfriend to establish a residence in Florida. Family Court found that the asserted reason for respondent's relocating in Florida, namely, to secure medical care purportedly unavailable in New York for another of her children of whom she retained custody, was both incredible and totally lacking in substance. Nor is there evidence that respondent left New York because she was harassed by petitioner.

Despite respondent's refusal to inform petitioner of her whereabouts, petitioner, through its own diligent efforts, located her and attempted to reestablish her relationship with her children (see, Matter of Michael B., 96 AD2d 961, 963, affd 62 NY2d 838, cert denied sub nom. Youngs v Broome County Dept. of Social Servs., 469 US 933). Having located respondent, petitioner contacted the Florida Department of Health and Rehabilitative Services and formally requested, through the Interstate Compact, that the agency visit the home and discuss a performance agreement regarding the two children. A Florida agent went to respondent's home, discussed petitioner's request and the availability of parenting classes, and suggested that respondent develop a plan so that the children could be returned to her. Although respondent indicated that she would think about attending parenting classes, instead she left Florida and moved to South Carolina before a scheduled home study could take place. Three months later, she moved again, this time to her current address in Pennsylvania. In each instance, respondent neglected to inform petitioner of her intent to relocate or, upon relocation, of her whereabouts.

After a hearing, Family Court adjudicated both children as permanently neglected, terminated respondent's parental rights, and transferred their custody to petitioner. Respondent brought this appeal; we affirm.

Initially, we find that petitioner exercised diligent efforts to

strengthen respondent's parental relationship with her two children *(see, Matter of Star Leslie W.,* 63 NY2d 136, 142; *Matter of Sheila G.,* 61 NY2d 368). Petitioner developed a flexible visitation program, offered respondent travel assistance, arranged for psychological counseling and family assessments, advised respondent repeatedly of the objectives to be reached to enable her to secure the return of her children, contacted petitioner's Florida social services equivalent to schedule a home visit and enroll respondent in parenting classes, arranged for the children to contact respondent by telephone, and sent respondent letters requesting that she both develop and divulge her plan for regaining the two children *(see,* Social Services Law § 384-b [7] [f]). Not only did respondent's repeated relocations frustrate petitioner's efforts, but she refused to enroll in parenting skills training and, while in New York, frequently missed counseling and family assessment sessions. Petitioner adequately addressed the particular problems facing respondent, as far as was possible given respondent's refusal to cooperate, and attempted to help her overcome her difficulties. Exacting diligent efforts by petitioner does not relieve the parent of all responsibility for ensuring the plan's success *(see, Matter of Dixie Lu EE.,* 142 AD2d 747, 749).

A child may be adjudicated permanently neglected if the parent, although physically and financially capable, fails, for more than one year from the beginning of the child's placement, to plan for the child's future (Social Services Law § 384-b [7] [a]). To plan for a child's future, a parent must take the necessary steps to provide an adequate, stable home and parental care (Social Services Law § 384-b [7] [c]). Although respondent visited the children occasionally, wrote letters regularly and verbalized a desire to eventually regain custody of her children, she never made any realistic future plans for them *(see, Matter of Michael B.,* 96 AD2d 961, *supra).* Illustratively, she never attempted to maintain a stable home environment for her children. During the time period from April 1984 until the petition was filed in October 1986, respondent relocated at least seven different times, in three different States, and completely frustrated petitioner's efforts to reunite the family *(cf., Matter of Candie Lee W.,* 91 AD2d 1106, 1108).

Before departing for Florida, her attendance at family assessments and counseling sessions was inappreciable. Furthermore, she did not cooperate in any way with the Florida social services agency, never responded to petitioner's letters requesting to be advised of her plans to have her children

returned to her, canceled psychological counseling sessions and refused to notify petitioner of her numerous relocations despite petitioner's repeated requests. That respondent failed to meet her statutory responsibility seems quite clear *(see, Matter of Jamie M.,* 63 NY2d 388, 393).

Finally, at a minimum, a parent must attempt to alleviate the problems initially leading to the child's placement *(see, Matter of Leon RR,* 48 NY2d 117, 125; *Matter of Ray A. M.,* 37 NY2d 619). Petitioner advised respondent that her children were in placement because she exhibited poor parenting skills, an inability to keep her children safe from others and an incapacity to handle stressful situations. Despite this, respondent never attended or enrolled in any parenting classes, and continued to live with her boyfriend even though an outstanding court order prohibited him from being alone with either of the children. Accordingly, Family Court's order granting the petition and terminating respondent's parental rights must be upheld.

Order affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Mercure and Harvey, JJ., concur.