■ In the Matter of SALVATORE TT., Alleged to be a Permanently Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATRICIA UU., Appellant.—Levine, J. Appeal from an order of the Family Court of Otsego County (Kepner, Jr., J.), entered October 28, 1988, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Salvatore TT. a permanently neglected child, and terminated respondent's parental rights.

In February 1986, respondent's newborn son, Salvatore TT., was removed from her care and placed in a foster home. A neglect petition was filed by petitioner and Family Court subsequently determined that Salvatore was a neglected child. In July 1986, by order of disposition, Salvatore was placed in the custody of the Commissioner of Social Services for six months. This placement was extended by Family Court in February 1987 and August 1987.

Meanwhile, petitioner developed a plan to reunite respondent with her child. Beginning in March 1986, supervised visits were arranged on a weekly basis. During the following months, visitation was increased and weekly overnight visits were allowed until November 1986, when visitation was decreased while a Child Protective Services (hereinafter CPS) investigation of an abuse report was pending. The report was determined to be unfounded and overnight visits were reinstituted until March 1987, when visitation was again restricted due to two additional reports to CPS. In August 1987, visitation was further reduced to half days, once a week, because respondent had refused to supervise, feed or change the child during visitation. In addition to transporting the child to and from respondent's home, petitioner provided a homemaker to supervise and assist respondent during the visits. Petitioner also encouraged respondent to participate in counseling services, parenting classes and vocational training, and respondent in fact participated in most of the services offered.

In December 1987, petitioner commenced this proceeding to adjudicate Salvatore a permanently neglected child and to commit the guardianship and custody of him to petitioner. Following a fact-finding hearing, Family Court ruled that Salvatore was permanently neglected by respondent. The court thereafter issued a dispositional order terminating respondent's parental rights and transferring custody to peti-

tioner and the Commissioner of Social Services for adoption. Respondent appeals.

Respondent contends that Family Court erred in ruling that her son was permanently neglected because petitioner failed to establish the statutory elements of permanent neglect by clear and convincing evidence. We disagree. As to the first element which must be satisfied in a permanent neglect proceeding, we believe that the record demonstrates that petitioner exercised diligent efforts to strengthen the parental relationship. These efforts included the provision of transportation for respondent and for Salvatore's weekly visits, homemaker services during such visits, offering respondent counseling, parenting classes, day-care services for her two older children, vocational training services and assistance in finding more suitable living quarters. In light of all the circumstances, we conclude that petitioner engaged in "affirmative, repeated, and meaningful efforts" to assist respondent with the particular difficulties she faced (Matter of Sheila G., 61 NY2d 368, 385).

Having determined that petitioner made diligent efforts to assist respondent, we must consider whether petitioner has established that respondent failed to plan for the future of her child although physically and financially able to do so (see, Social Services Law § 384-b [7] [a]). The planning requirement contemplates that the parent "shall * * * take such steps as may be necessary to provide an adequate, stable home and parental care" within a reasonable period of time (Social Services Law § 384-b [7] [c]).

Although it is clear that respondent took advantage of several of the services offered, such as counseling and parenting classes, the testimony of those who worked with respondent indicated that her attitude was generally one of resistance and denial. One particular area of concern was respondent's ability to provide adequate living quarters for herself and her children. During the period in question respondent lived in a trailer with her boyfriend and her two older children, a 10-year-old boy and five-year-old girl. The trailer had two bedrooms, only one of which was private. Respondent, however, took few affirmative steps to locate more spacious housing, apparently being of the opinion that the trailer was adequate. Respondent also showed little initiative to investigate educational or employment opportunities.

Petitioner adduced evidence indicating that respondent made little effort to develop a parental relationship with

Salvatore. Betty Haney, the homemaker who supervised respondent's visits with the child, testified that the mother-child relationship was distant and lacked warmth. Haney testified that respondent rarely disciplined the child and had difficulty controlling his behavior. Specifically, there was testimony that while in respondent's care, Salvatore often played with inappropriate objects such as scissors, electrical plugs, cigarette lighters and pill bottles, and that on at least one occasion respondent refused to prevent Salvatore from running toward the road. Haney also testified that respondent generally spent half of the visitation time watching television or doing other things which did not involve the child and would rely on her other children or Haney to supervise Salvatore. There was also evidence that respondent, on more than one occasion, failed to feed Salvatore or change him during visitation. In our view, the foregoing evidence is sufficient to support Family Court's determination that respondent failed to establish a meaningful parental relationship with Salvatore and to plan for his future and, therefore, the court could properly find that the child was permanently neglected by respondent. Moreover, we agree with Family Court that, in light of all the circumstances, it was in the child's best interest to terminate respondent's parental rights rather than further extend the foster care placement.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.