■ In the Matter of the Guardianship of LATASHA W. and Others, Infants. SALVATION ARMY, Respondent; SHARON W., Appellant.—Final orders of disposition, Family Court, New York County (Leah Marks, J.), entered on or about December 7, 1989, which permanently terminated the parental rights of the respondent-natural mother, Sharon W. terminated the parent rights of the respective putative fathers of the children based on their defaults, and transferred the custody and guardianship of the above named children to the Commissioner of Social Services and the Salvation Army for the purposes of adoption, unanimously affirmed, without costs.

The threshold inquiry in any permanent neglect case is whether the agency discharged its statutory duty to exert diligent efforts to encourage and strengthen the parental relationship. (Social Services Law § 384-b [7] [a]; *Matter of Jamie M.,* 63 NY2d 388, 390; *Matter of Sheila G.,* 61 NY2d 368, 373.) The agency is not charged, however, with achieving success in overcoming the parent's own predicaments. Thus an agency that has embarked upon a diligent course but is faced with a totally uncooperative parent should be deemed to have fulfilled its obligation. *(Matter of Sheila G., supra,* at 385; *Matter of Star Leslie W.,* 63 NY2d 136, 144.)

The present case is clearly one in which the respondent has been uncooperative and has displayed a distinct lack of interest in solving her own problems so that she could move toward being reunited with her children. The apparent and wilful failure of the respondent to keep the agency informed of her whereabouts and the attendant inability of the agency to locate the respondent prevented the agency from acting further in this case. While she stated at the dispositional hearing that she was willing to enter drug treatment, that statement alone is insufficient in this case to warrant disturbing the Family Court's determination which is amply supported by the record.

The Law Guardian recommends that the respondent's parental rights be terminated and that the children be adopted by their maternal grandmother. This course appears to be the correct one as the children have progressed well in that environment and will remain with family members. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ.