In the Matter of JESSICA UU., Alleged to be a Permanently Neglected Child. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; IRA UU. et al., Respondents.

Third Department, January 23, 1992

**APPEARANCES OF COUNSEL**

*Carl F. Becker* for appellant.

*James Hartmann* for Ira UU., respondent.

*Richard Northrup Jr.* for Kandy UU., respondent.

*Thomas E. Schimmerling, Law Guardian,* for Jessica UU.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether the petitioning agency met its burden of showing that it had satisfied the statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship *(see,* Social Services Law § 384-b [7] [a]), which is the threshold inquiry in any permanent neglect proceeding *(Matter of Star Leslie W.,* 63 NY2d 136, 142) if such efforts will not be detrimental to the best interest of the child (Social Services Law § 384-b [7] [a]). Petitioner points to evidence in the record of a number of services provided to respondents and contends that a prima facie case of diligent efforts has been established. We agree with Family Court, however, that the issue of petitioner's diligent efforts to encourage and strengthen the parental relationship cannot be determined on the basis of the number of services provided to respondents. Nor can we accept petitioner's argument that because the motion was one to dismiss

at the close of petitioner's case, Family Court erred in considering the shortcomings in the efforts of petitioner's caseworkers and parent aides. It is clear from Family Court's decision that the court was well aware of the requirement that petitioner's proof be accepted as true and that petitioner be afforded every favorable inference that reasonably could be drawn therefrom *(see, Matter of Maryann Ellen F.,* 154 AD2d 167, 168, *appeal dismissed* 76 NY2d 773). Viewing petitioner's evidence under this standard, Family Court concluded that petitioner had failed to show the requisite diligent efforts, and we agree with that conclusion.

To meet its diligent efforts obligation, petitioner was required to attempt reasonable and practical means to encourage and develop a meaningful family relationship, which must include counseling, making suitable arrangements for visitation, providing services and other assistance aimed at ameliorating or resolving the problems preventing discharge of the child to respondents' care, and keeping respondents informed of the child's progress and development *(see, Matter of Star Leslie W., supra,* at 142; *see also,* Social Services Law § 384-b [7] [f]). "An agency must always determine the particular problems facing a parent with respect to the return of his or her child and make affirmative, repeated, and meaningful efforts to assist the parent in overcoming these handicaps" *(Matter of Sheila G.,* 61 NY2d 368, 385).

The evidence establishes that petitioner provided respondents with a number of services, which included counseling, arranging visitation with the child and transportation, but there is little or no evidence that any of these services had any realistic chance of assisting respondents in overcoming the handicaps that prevented the return of their child. For example, as a result of petitioner's concern about respondents' capacity to learn how to improve their parenting skills, respondents were evaluated by a clinical psychologist to determine what kind of teaching style would best meet their needs; the psychologist strongly recommended a hands-on approach where the worker does actual modeling and demonstrations of parenting skills with respondents and their child together. The parent aides who were assigned by petitioner to assist respondents in improving their parenting skills were not aware of this recommendation, and of the approximately 86 visits by the parent aides, only about 18 of these visits occurred when the child was present. Although the aides did do some hands-on teaching, it is clear that there were limited

opportunities to use the only approach likely to work. We also note that one caseworker testified that although respondents did not seem to be improving much in their parenting abilities, no changes were made in the approach to the problem and she did not tell respondents of her concern about their lack of progress.

One of the major obstacles to the return of the child to the parental home was petitioner's concern that respondents were unable to cope with the problems associated with their child's hyperactivity, but none of the caseworkers or aides assigned to respondents had any special training or expertise on the subject of hyperactive children. "An agency should mold its 'diligent efforts' to fit the individual circumstances so as to allow the parent to provide for the child's future" *(Matter of Amber W.,* 105 AD2d 888, 891). Here, however, it is clear that petitioner merely went through the motions of providing services without molding those services to respondents' needs. For example, one of the parent aides testified that she had respondent mother read a magazine article on hyperactive children, but when the mother expressed the view that the article did not pertain to her child, there apparently was no follow-up or further discussion at that time. There is evidence in the record that the child's hyperactivity was exacerbated by emotional problems, but no effort was made to determine the nature or source of those problems until after the permanent neglect petition was filed and the services provided to respondents clearly did not include any counseling or assistance as to those problems.

Another obstacle to the return of the child to the parental home involved petitioner's concern that the child had been sexually abused by respondent father. Although petitioner filed a neglect petition based upon the father's alleged sexual abuse of the child with the mother's knowledge, the proceeding was discontinued. Respondents denied that the sexual abuse had occurred and the evidence in the record establishes that the counseling provided to respondents regarding sexual abuse was unlikely to be of any benefit in the absence of either an adjudication or an admission that the sexual abuse had occurred.

This is not a case where the petitioning agency embarked on a diligent course but faced utterly uncooperative or indifferent parents *(see, Matter of Sheila G.,* 61 NY2d 368, 385, *supra).* Rather, this is a case where the agency imposed a plan without any realistic or meaningful effort to provide the

assistance necessary for the parents to overcome the particular problems that separated them from their child *(see, Matter of Jamie M.,* 63 NY2d 388, 394-395). That we have specifically addressed certain shortcomings in petitioner's efforts revealed by the evidence, as did Family Court, does not indicate, as petitioner argues, that other evidence was ignored or that the evidence was not viewed in the light most favorable to petitioner. We have considered all of the evidence in the record and, accepting that evidence as true, we find it insufficient, as a matter of law, to show the requisite diligent efforts. Having so concluded, we do not reach the question of whether petitioner established a prima facie case on the issue of respondents' failure to plan for the future of their child.

█ We reject petitioner's contention that Family Court lacked jurisdiction to conduct a dispositional hearing after it dismissed the petition. Dismissal of a permanent neglect petition leaves open the question of custody, as well as any other issues that may have arisen during the life of the proceeding *(Matter of Jamie M., supra,* at 395). Thus, in the absence of a waiver, Family Court is required to conduct a dispositional hearing despite the petitioning agency's failure to show diligent efforts *(Matter of Amber W., supra,* at 891-892). Although Family Court's order dismissing the petition was technically incorrect in that it predated the dispositional hearing *(see,* Family Ct Act § 631), we conclude that the error is inconsequential.

LEVINE, J. P., MERCURE, CREW III and MAHONEY, JJ., concur.

Ordered that the orders are affirmed, without costs.