■ In the Matter of GYVON LAMAR P., Also Known as JAVON P., a Child Alleged to be Neglected. LEAKE & WATTS CHILDREN'S HOME, Respondent; MARY P., Appellant.—Order of disposition, Family Court, New York County (Bruce M. Kaplan, J.), entered on or about September 17, 1991, terminating respondent's parental rights upon a finding that she had permanently neglected the subject child, unanimously affirmed, without costs.

Petitioner agency established by clear and convincing evidence that it met its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]; *Matter of Jamie M.,* 63 NY2d 388, 390). Of course, the agency is not charged with a guarantee that the parent succeed in overcoming his or her predicaments. Indeed, "an agency that has embarked on a diligent course but faces an utterly un-co-operative or indifferent parent should nevertheless be deemed to have fulfilled its duty" *(Matter of Sheila G.,* 61 NY2d 368, 385). Here, the agency attempted to contact respondent by letter, telephone calls to relatives and acquaintances, and visits to past known addresses. Visitation was arranged, but respondent attended only two of six scheduled visits in 1988, one of eight scheduled visits in 1989, and none of three scheduled in 1990 prior to the filing of the petition. The agency also encouraged respondent to attend drug rehabilitation, but its efforts were doomed to failure by a parent who "displayed a distinct lack of interest in solving her own problems" *(Matter of Latasha W.,* 170 AD2d 318, 319). Indeed although diligent efforts were made by the agency it was not required to do so because of respondent's failure to keep it apprised of her whereabouts for a period of six months (Social Services Law § 384-b [7] [e];

*Matter of Sheila G.,* 61 NY2d, *supra,* at 383, n 5). At the dispositional hearing, sufficient evidence was presented that adoption of the child by his foster parents would serve his best interests. There is no presumption that such interests are best served by placement with the natural parent *(Matter of Star Leslie W.,* 63 NY2d 136, 147-148). Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.