■ In the Matter of MICHAEL BB. and Others, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBIN BB., Appellant, et al., Respondent. [614 NYS2d 470] —Mercure, J. P. Appeal from an order of the Family Court of Madison County (O'Brien, III, J.),

entered January 21, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

In 1987, an adjudication was made that respondents had neglected their three children. The children were in petitioner's continuous custody from August 1988. In October 1991, petitioner commenced this proceeding, alleging that respondents had permanently neglected the children and seeking to terminate their parental rights. Following a fact-finding hearing conducted in May and June 1992, Family Court found that respondents, individually and collectively, had permanently neglected the children. Family Court thereafter conducted a dispositional hearing and determined that respondents had made no further progress toward planning for the children's future and that, as a result, it was in the children's best interests to terminate respondents' parental rights. Respondent Robin BB.* (hereinafter respondent) now appeals from the order entered thereon, primarily contending that petitioner failed to establish its diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a]).

We affirm. According deference to Family Court's resolution of credibility issues (see, Matter of Francis R. [Elly R.], 201 AD2d 834; Matter of Lyndell M. [Lyndell W.], 182 AD2d 623), the record reveals clear and convincing evidence that petitioner exercised diligent efforts and that, despite those efforts, respondent failed to plan for the children's future. Notably, petitioner referred respondent to and encouraged her to engage in parenting and diverse counseling services. Although respondent *attended* some counseling sessions, she failed to actually *participate* in the programs or did the "bare minimum" necessary to get through (see, Matter of Sonia H. [Edith M.], 177 AD2d 575, 576-577). She also evidenced a complete unwillingness or inability to deal with the "destructive tendencies" in her life, i.e., her husband's alcoholism and physical abuse, and faced with a choice between her marriage and her children, she made an election in favor of the former (see, Matter of Travis Lee G. [Michelle G.], 169 AD2d 769, 770; see also, Matter of Albert T. [Nancy T.], 188 AD2d 934, 937).

Where, as in this case, an agency has "embarked on a diligent course" but faces an uncooperative parent, it should

---

* The children's father, respondent Michael BB., admitted the allegations of the petition and is not a party to this appeal.

nevertheless be deemed to have fulfilled its duty (see, Matter of La'Vetta Danile S.F. [Donald F.], 194 AD2d 384; Matter of John ZZ. [Barbara ZZ.], 192 AD2d 761). Although respondent does present somewhat of a sympathetic case because of the abuse she experienced at her husband's hand, she had five years to attempt to plan for her children's return and failed to do so. Consequently, permanent alternatives were properly sought by petitioner (see, Social Services Law § 384-b [1] [a]; Matter of Francis R. [Elly R.], supra).

Respondent's remaining contentions have been considered and found to lack merit.

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.