■ In the Matter of WILLIAM KK., a Child Alleged to be Permanently Neglected. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA KK., Appellant. (And Three Other Related Proceedings.) [624 NYS2d 664] —Mercure, J. Appeal from an order of the Family Court of Washington County (Berke, J.), entered January 19, 1994, which granted petitioner's applications, in four proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent, the mother of the four children who are the respective subjects of these proceedings, appeals Family Court's determination that the children are permanently neglected and the resulting termination of her parental rights. Giving appropriate deference to Family Court's resolution of credibility issues, our review of the record discloses clear and convincing evidence that petitioner discharged its statutory duty to use diligent efforts to strengthen the parental relationship and that respondent failed nonetheless to plan for the children's future (Social Services Law § 384-b [7] [c], [f]; see, Matter of Gregory B., 74 NY2d 77, 86; Matter of Nathaniel T., 67 NY2d 838, 841-842; Matter of Jamie M., 63 NY2d 388, 390). We accordingly affirm.

The evidence adduced at the fact-finding hearing established that, following a series of indicated reports of neglect, the children came into petitioner's custody on June 3, 1991, at a time when respondent and the children's father (who has voluntarily relinquished all of his rights to the children) were

both in jail. At the time of the children's removal from respondent's home, they suffered from a variety of serious physical and emotional problems including delayed development of speech and motor skills, failure to thrive, asthma, rotted teeth and associated gum infections, venereal warts, compulsive masturbation, night walking and night terrors. As correctly determined by Family Court in its lengthy and detailed decision, all of the children require special care and attention as a result of the neglect and sexual abuse they suffered while in respondent's custody. Petitioner established a service plan, specifically designed to deal with respondent's unique situation, consisting of recommended counseling to deal with the sexual abuse suffered by respondent and her daughter Tanya, education in parenting skills, adherence to visitation guidelines, impulse control and maintaining an appropriate lifestyle. The evidence showed that, as a result of respondent's failure to acknowledge that she had a problem and unwillingness to cooperate with petitioner, respondent failed to meaningfully participate in or comply with any facet of the plan (see, Matter of Michael BB., 206 AD2d 600; Matter of Sonia H., 177 AD2d 575, 576-577).

Where, as here, an agency has embarked on a diligent course but faces an uncooperative parent, it should nevertheless be deemed to have fulfilled its duty (see, Matter of Michael BB., supra). Because it was clear that respondent, who was given nearly three years within which to plan for the children's return, either could not or would not provide a normal family home for them, a permanent alternative was properly sought (see, Social Services Law § 384-b [1] [a] [iv]; Matter of La'Vetta Danile S.F., 194 AD2d 384).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.