■ In the Matter of LOUISE D., a Child Alleged to be Neglected. JEWISH CHILD CARE ASSOCIATION, Respondent; ROSEMARIE F., Appellant. [641 NYS2d 670] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered on or about June 8, 1994, which terminated respondent's parental rights upon a finding of permanent neglect, and transferred custody and guardianship of the subject child to petitioner

child-care agency and the Commissioner of Social Services, unanimously affirmed, without costs.

Petitioner agency proved by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship by offering services and counseling specifically suited to respondent's needs and repeatedly advising respondent as to what she needed to do in order to have the child returned to her (see, Social Services Law § 384-b [7] [f]; Matter of Sheila G., 61 NY2d 368, 384-385). However, respondent failed to plan for her child's future by missing almost one-third of her scheduled counseling sessions on parenting skills and domestic relations, continuing to live with a physically abusive boyfriend, making few visits to the child, showing a complete lack of understanding of her needs, and relocating to Florida from where she maintained little contact with either the agency or the child (see, Social Services Law § 384-b [7] [c]; Matter of Star Leslie W., 63 NY2d 136, 142, 144; Matter of Michael BB., 206 AD2d 600). Termination of respondent's parental rights and the transfer of the custody and guardianship to petitioner and the Commissioner was in the best interests of the child, in view of respondent's continued habitation in an unstable and potentially dangerous home environment, the foster parents' financial and psychological ability to provide for the child's special needs, and the child's own expressed desire to be adopted by the foster parents (see, Matter of Star Leslie W., supra, at 147-148). Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Mazzarelli, JJ.