■ In the Matter of HEATHER E., a Child Alleged to be Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PATSY E., Appellant, et al., Respondent. (And Three Other Related Proceedings.) [656 NYS2d 410] —Mercure, J. Appeals from two orders of the Family Court

of Otsego County (Castellino, J.), entered November 30, 1995 and February 26, 1996, which granted petitioner's applications, in four proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondent Patsy E. (hereinafter respondent) is the mother of the four children who are the subjects of these proceedings. The children have been in foster care since early 1992 as the result of a series of incidents involving the abuse or neglect of one or more of the children by respondent and the children's father, respondent Stewart E. (not a party to the present appeals). Notably, in addition to multiple Family Court findings of abuse and neglect, respondent was convicted of sexual abuse in the first degree and the father was convicted of rape and sodomy as the result of the parties' respective sexual conduct with one of their children. At the time of the hearing in this matter, respondent was on probation and the father was serving a $7^1/_2$ to 15-year prison term for his rape and sodomy convictions. It should also be noted that respondent is mentally retarded (she has an IQ of 58) and three of the children suffer from physical or mental handicaps such that they have required specialized foster care. Only one of the children is capable of living in a traditional foster home. In November 1994, petitioner initiated the present proceedings to adjudicate respondents' children to be permanently neglected and for a termination of their parental rights. Following a fact-finding hearing and findings that all four of the children were permanently neglected, Family Court granted guardianship and custody of the children to petitioner. Respondent now appeals.

We reject the sole contention advanced by respondent, that petitioner failed to prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship as required by Social Services Law § 384-b (7) (a) (see, Matter of Sheila G., 61 NY2d 368, 384-385; Matter of Michelle F. [Matthew G.], 222 AD2d 747, 748; Matter of Shannon U. [Teresa V.], 210 AD2d 752, 753, lv denied 85 NY2d 807), and accordingly affirm. Our reading of the record supports Family Court's findings that petitioner established an appropriate service plan that included homemaker services, caseworker counseling, Broome Developmental services and programs offered by the Association for Retarded Citizens. Although respondent was willing to participate in many of the programs, the record demonstrates that her unwillingness to acknowledge that she is mentally retarded or that she sexually

abused her daughter kept her from making any meaningful progress. In addition, respondent's situation has been greatly hampered by her decision to permit a threatening and abusive boyfriend to live in her residence with her, despite petitioner's contrary recommendation.

Fundamentally, a petitioning agency is not required to accommodate an offending parent's refusal to participate in programs necessary to address the condition that caused the removal of the children in the first instance (see, Matter of William KK. [Tina KK.], 214 AD2d 779, 780, lv denied 86 NY2d 703), unwillingness to admit her role in the abuse of a child (see, Matter of Michelle F. [Matthew G.], supra, at 749) or failure to deal with the "destructive tendencies" in her life (see, Matter of Michael BB. [Robin BB.], 206 AD2d 600, 601). We agree with the Law Guardian's conclusion that, although respondent appears to genuinely care about her children and despite the many services that petitioner has provided her, she is either unable or unwilling to make the meaningful lifestyle changes that are necessary to permit the safe return of her children. Accordingly, the record amply demonstrates respondent's failure to plan for the future of her children for a period of more than one year (see, Social Services Law § 384-b [7] [a]) and supports Family Court's findings of permanent neglect.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.