■ In the Matter of SHAWNA U. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LORI U., Appellant. (And Another Related Proceeding.) [716 NYS2d 166] —Mercure, J. Appeals from two orders of the Family Court of Tompkins County (Sherman, J.), entered February 2, 1999, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents, Lori U. (hereinafter the mother) and Abraham U. (hereinafter the father), are the parents of twin girls, Shawna U. and Saundra U., and a boy, Vincent U. All three of respondents' children came into petitioner's custody on August 29, 1995 upon the initiation of neglect proceedings against respondents. On November 8, 1995, respondents stipulated to a neglect adjudication and the children were placed with petitioner for an initial period of one year. The parties agreed to successive extensions of that placement to June 26, 1998.

In April 1998, petitioner commenced these proceedings for an adjudication that the children are permanently neglected and to terminate respondents' parental rights. By that time, the father was serving a State prison sentence on a burglary conviction. Fact-finding hearings were conducted in July and September 1998, and respondents neither testified nor presented witnesses on their own behalf. Based upon the testimony of petitioner's witnesses concerning petitioner's diligent efforts toward devising a realistic and individualized plan for respondents and the measures employed to assist respondents in complying with that plan, as well as evidence of respondents' repeated failure to utilize the services that were provided to them or, for that matter, to acknowledge the problems that led to the removal of the children in the first instance, Family Court determined that respondents had, for a period of more than one year following the placement of the children, failed to plan for their future. It therefore determined that petitioner had demonstrated by clear and convincing evidence that all three children were permanently neglected children within the meaning of Social Services Law § 384-b (7) (a).

Following a dispositional hearing conducted in December 1998, at which both respondents testified, Family Court determined that it would be in the best interests of the children to terminate respondents' parental rights based upon their failure to successfully complete virtually any of their required counseling and because the children had been in foster care "languish[ing] in uncertainty" for three years. Respondents appeal the ensuing dispositional orders, primarily challenging the sufficiency of the hearing evidence, and we affirm.

Initially, we reject respondents' contentions that petitioner failed to meet its burden of establishing its diligent efforts to reunite respondents with the children. An agency's diligent efforts may be evidenced by its establishment of realistic and individualized plans, as well as its provision of substantial assistance in complying with those plans (see, *Matter of Jeremy KK.*, 251 AD2d 904, 905). The plans thus devised must be "reasonable and practical * * * to encourage and develop a meaningful family relationship, which must include counseling, * * * arrang[ing] for visitation, providing services * * * aimed at * * * resolving the problems preventing * * * [a reunion], and keeping respondents informed of the child's progress and development" (*Matter of Jessica UU.*, 174 AD2d 98, 100). At the same time, however, "the agency is not charged with a guarantee that the parent succeed in overcoming his or

her [impediments to reunion]" (*Matter of Sheila G.*, 61 NY2d 368, 385). To the contrary, it is the "respondent's obligation to use the services provided and to take the initiative and responsibility to plan for the children's futures" (*Matter of Michael RR.*, 222 AD2d 890, 891) and "where a parent continues to deny his [or her] problems * * * it cannot be said that the agency did not exercise due diligence" (*Matter of Chianti FF.*, 205 AD2d 849, 851).

Here, the evidence showed that the children were removed from respondents' custody due to the father's sexual abuse of Shawna and the mother's inability to protect Shawna after being told of the sexual abuse. Drug and alcohol abuse and domestic violence were also present in the home. After evaluating the needs of the family, petitioner referred the father to a sex offenders' treatment group and a batterers' group. The mother was referred to a nonoffending parents sexual offenders' program and counseling for domestic violence. Only a few months following the children's placement, respondents made a unilateral decision to move to Genesee County, approximately three hours driving time away from the foster home where the children lived with their maternal grandparents. Despite the highly disruptive impact of this move, petitioner continued to maintain weekly telephone contact with respondents and saw them at least monthly to review their service plans. Petitioner also continued to assist respondents in reestablishing services that had been terminated, provided respondents with gas vouchers and offered bus tickets to facilitate child visitation and made arrangements for the payment of services received by respondents.

The record also provides abundant support for Family Court's determination that for a period of more than one year following the initial placement of the children, respondents failed to complete required counseling for themselves or participate in collateral counseling with their daughters' therapist, failed to maintain regular contact with the children or even to maintain a residence within a reasonable distance from them, and demonstrated a lack of insight into the problems that led to the removal of the children from their household in the first instance. Notably, respondents' failure to testify at the fact-finding hearing permitted Family Court to draw the strongest inference against them that the opposing evidence in the record would allow (*see, Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804).

The parties' remaining contentions warrant but brief discussion. First, absent competent evidence of the date of mailing to

the father of the final order terminating his parental rights, the record does not permit a finding that his appeal is untimely. Second, we conclude that Family Court acted well within its discretion in denying the father's request for an adjournment of the dispositional hearing and in declining to conduct an in camera interview of the children (*see, Matter of Walker v Tallman*, 256 AD2d 1021, 1022, *lv denied* 93 NY2d 804). Finally, based upon the evidence set forth above, as well as the recommendation of petitioner's caseworker, we perceive no valid basis for disturbing Family Court's determination to terminate respondents' parental rights.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the orders are affirmed, without costs.