■ In the Matter of CHARLENE E., a Child Alleged to be Permanently Neglected. SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICHARD E., Appellant. (And Another Related Proceeding.) [721 NYS2d 164] —Mugglin, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered June 24, 1999, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' child to be permanently neglected, and terminated respondents' parental rights.

In 1995, respondents' five-year-old child was determined to be neglected by them as a result of their continuing failure to properly address the medical needs of the child. Subsequent to the adjudication and placement of the child, petitioner had consistently attempted to provide various services to respondents, who are mildly retarded but highly functional and educable, in an effort to address the underlying problems and facilitate reunion of the family unit. Since the child is a severe asthmatic, the major focus of the services involved training respondents to provide the necessary treatment for the asthmatic condition. In 1998, petitioner commenced this proceeding seeking to adjudicate the child as permanently neglected. Respondents appeal from Family Court's determination finding the child to be permanently neglected and terminating the parental rights of respondents.

We affirm. The record adequately demonstrates, by clear and convincing evidence, that petitioner satisfied its initial statutory duty by making diligent and meaningful efforts to encourage and strengthen the parental relationship (*see,* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.,* 63 NY2d 136, 142). These efforts included, *inter alia,* parenting classes and an extensive training program to teach respondents about the child's asthma and how to treat it, which program was run in conjunction with visitation with the child. Additionally, petitioner made transportation available to respondents to enable them to visit with the child and attend the other programs. Every six months petitioner conducted risk assessments geared

to identifying existing obstacles to family reunification and developed methods and goals to overcome those obstacles. Clearly, the plans devised by petitioner and the services afforded to respondents were both reasonable and practical and designed to enable respondents to develop skills necessary to put them in the best possible position to reunite with their child (*see, Matter of Jeremy KK.*, 251 AD2d 904, 905; *Matter of Michael RR.*, 222 AD2d 890, 891).

Notwithstanding the efforts of petitioner, respondents failed to acquire the necessary skills to competently deal with the child's severe asthma. Despite petitioner providing transportation, the mother missed approximately one third of the scheduled visitation/medical training sessions, and the father missed approximately two thirds. Petitioner is not obligated to guarantee that any parent will overcome the difficulties precluding reunification with the child (*see, Matter of Sheila G.*, 61 NY2d 368, 385). Instead, it is the parents' obligation to accept the services provided and to responsibly apply themselves to learn the skills necessary to overcome any obstacles to reunification (*see, Matter of Michael RR.*, *supra*, at 891). Here, Family Court appropriately determined the child to be permanently neglected and terminated respondents' parental rights.

Cardona, P. J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.