■ In the Matter of EDWARD I., and Others, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CONNIE J., Appellant. [721 NYS2d 412] —Mercure, J. P. Appeals from an order and an amended order of the Family Court of Broome County (Hester, Jr., J.), entered April 3, 2000 and April 12, 2000, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of six children, three of whom are the subject of this permanent neglect proceeding: Edward, born in 1992, Stacey, born in 1994, and Patricia, born in 1998. Petitioner first became involved with respondent in June 1997, several months after a jury convicted respondent of criminally negligent homicide in connection with the death of her infant son, Colin. Following Colin's death, respondent and her parents agreed that Edward and Stacey would remain in the joint custody of respondent's parents; Family Court approved of that arrangement upon the condition that respondent not be left alone with her children. During a visit with her children, however, which took place before she was sentenced for Colin's death, respondent was briefly left alone with her children and injured Edward by igniting a plastic lei that was wrapped around his leg. Neither respondent nor her mother sought professional medical treatment for Edward's burns.

For her role in Colin's death, respondent spent three months in jail and was placed on probation for a period of five years. A condition of her probation was that she not have unsupervised contact with any child under 17 years of age. With regard to the incident in which Edward's leg was burned, respondent pleaded guilty to one count of endangering the welfare of a child and served an additional four months in jail. In addition, Family Court found that respondent abused Edward and that both respondent and her mother neglected Edward and Stacey. Accordingly, in March 1998, Family Court placed Edward and Stacey in petitioner's custody for a period of one year and ordered that respondent have only supervised visitation with her children during that time. Patricia was born later in 1998, and Family Court ordered that she also be committed to petitioner's custody until March 4, 1999 with the same visitation restriction. Family Court later approved the parties' stipu-

lation to extend the custody arrangement for an additional year.

In March 1999, petitioner filed the present petition, requesting an order adjudicating Edward, Stacey and Patricia to be permanently neglected children. Following a fact-finding hearing, Family Court determined that respondent had permanently neglected her children, finding that: "respondent did not take steps to address and overcome the problems which put her children in danger in her care. Her failure to make therapeutic progress in counseling or to make a realistic plan for the children's care during her probation constitutes a statutory failure to plan." Following the dispositional hearing, Family Court terminated respondent's parental rights, ruling that "[t]here is absolutely nothing in the record on which to hang a hope that the respondent will acquire insight into her problems and grow into her parental responsibilities." Respondent appeals.

We affirm. Initially, we reject the contention that petitioner failed to satisfy its burden of establishing by clear and convincing evidence that it undertook diligent efforts to encourage and strengthen the parental relationship (see, Social Services Law § 384-b [7] [a]; *Matter of Shannon U.*, 210 AD2d 752, 753, *lv denied* 85 NY2d 807; *see also, Matter of Lisa Z.*, 278 AD2d 674, 677). To the contrary, the evidence shows that petitioner developed a plan that was tailored to help respondent overcome her parenting shortcomings. Petitioner's plan included counseling to help respondent deal with Colin's death and her codependency, depression and low self-esteem. Petitioner also enrolled respondent in classes to assist her parenting skills and to educate her about the health issues surrounding sexual promiscuity. Further, petitioner set up supervised visits to enable respondent to interact with her children. Under the circumstances, we conclude that petitioner made an adequate showing that it had tailored a realistic plan, which was individualized to respondent's circumstances and was a reasonable and practical means of encouraging a meaningful relationship between respondent and her children (see, *Matter of Shawna U.*, 277 AD2d 731, 732-733; *Matter of Charlene TT.*, 217 AD2d 274, 276; *Matter of Shannon U., supra*, at 753).

We are also unpersuaded that Family Court erred in its determination that respondent failed to plan for her children's future by failing to take steps "to provide an adequate, stable home and parental care for the child[ren]" for a period of one year after the time the children came into petitioner's care (Social Services Law § 384-b [7] [a], [c]). The record fails to demonstrate any progress on respondent's part toward developing a realistic and feasible plan for her children's future, de-

spite the resources that petitioner made available to her. Respondent clearly disclaims accountability for Colin's death and Edward's burned leg. The record also reveals several instances where respondent missed visitation appointments and counseling sessions, and there is no evidence that she took affirmative, self-initiated steps to plan for the future of her children. To the contrary, respondent continues to suggest her mother as an appropriate resource even though she acknowledges that she and her mother obtained mutual restraining orders against each other and that the mother was herself adjudicated to have neglected the children. Ultimately realizing that her parents were implausible resources, respondent's alternative "plan" was to simply let her children remain in foster care until 2002, when her probation is scheduled to expire.

Given the proof of respondent's failure to take "real, affirmative and meaningful steps manifesting a sense of responsibility toward the children in placement so as to avoid a termination of parental rights" (*Matter of Matthew C.*, 216 AD2d 637, 638; *see, Matter of Michael RR.*, 222 AD2d 890, 891; *Matter of Jessica MM.*, 122 AD2d 462, 463, *lv denied* 68 NY2d 612), we conclude that there is abundant evidence supporting Family Court's determination. As a final matter, based on the evidence adduced at the fact-finding hearing and the dispositional hearing, we reject the contention that Family Court's determination fails to serve the best interests of the children.

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order and amended order are affirmed, without costs.