■ In the Matter of ANTHONY S., a Child Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWARD QQ., Appellant. [738 NYS2d 140] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered February 9, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Anthony S. a permanently neglected child, and terminated respondent's parental rights.

On December 17, 1997, respondent's then three-year-old son, Anthony S. (hereinafter the child), was placed in foster care with his maternal grandparents in connection with the filing of a neglect petition and subsequent adjudication of neglect against his mother. In November 1999, petitioner filed the present petition alleging that respondent had permanently neglected the child by failing to maintain contact with him or to plan for his future for a period of more than one year following the date of his initial placement. A fact-finding hearing was conducted and Family Court found that the child had been permanently neglected as a result of respondent's failure to plan for his future or to maintain contact with him for more than one year after he came into petitioner's custody. Following a dispositional hearing, Family Court terminated respondent's parental rights. Respondent appeals.

Initially, we reject the contention that petitioner failed to meet its statutory burden of establishing diligent efforts to encourage and strengthen the parental relationship (see, Social Services Law § 384-b [7] [a], [f]). As admitted in respondent's answer (improperly denominated a reply) and established through evidence presented at the fact-finding hearing, petitioner established a plan to strengthen the parental relationship requiring respondent to (1) establish regular visitation with the child, (2) attend a parenting group, meetings, evaluations and therapies pertaining to the child in order to assist him in learning ways to deal with the child's severe emotional problems and attention deficit disorder, and (3) meet with petitioner at least monthly to plan for the care of the child. As similarly admitted and established, petitioner assisted respondent in making arrangements for regular visitation with the child and also arranged for changed visitation to accommodate

respondent's schedule and to allow for special birthday or holiday visitation, arranged for a home study of respondent's home, invited respondent to planning meetings, kept respondent informed of the child's special needs, meetings, school placement and therapy appointments and provided respondent with gas vouchers for visitation and appointments.

Somewhat more troubling is the issue of whether the evidence adduced at the fact-finding hearing demonstrated by clear and convincing evidence that respondent, for a period of more than one year, failed to maintain contact with the child or failed to plan for the child's future although physically and financially able to do so (see, Social Services Law § 384-b [3] [g]; [4] [d]; [7] [a]). As relating to the issue of respondent's failure to maintain contact with the child, it is noteworthy that Family Court's decision focuses on the time period between January 1999 and February 2000, at least three months of which postdates the filing of the petition. "Testimony relating to matters occurring subsequent to the filing of a petition for permanent neglect is inadmissible during the fact-finding stage of the proceeding * * * " (Matter of Christopher II., 222 AD2d 900, 902, lv denied 87 NY2d 812 [citations omitted]; see, Family Ct Act § 624), and in this case, respondent's counsel interposed a timely objection to Family Court's consideration of evidence of events taking place after the filing of the petition. Under the circumstances, we are constrained to the conclusion that, although respondent surely had no contact with the child for a period far exceeding one year, given respondent's contacts with the child during the latter part of 1998 and the premature filing of the petition, petitioner failed to establish its case regarding respondent's failure to maintain contact.

The evidence presented at the fact-finding hearing was sufficient, however, to support Family Court's finding that respondent failed for a period of more than one year following the child's placement to plan for the child's future, although physically and financially able to do so. As earlier noted, the petition alleges, and respondent admitted, that petitioner's service plan required respondent to establish regular visitation with the child, attend a parenting group to help him learn ways to help the child, and attend meetings, evaluations and therapies pertaining to the child in order to learn about the child's special needs. The hearing evidence showed that respondent had only a few visitations with the child after April 1998, attended only one service plan review, provided no evidence that he had attended a parenting program and, most significantly, failed to take part or cooperate in the ongoing services that were being

provided for the child, including counseling, play therapy, speech therapy and psychiatric treatment. The end result is that respondent made little or no progress toward developing an appreciation of the child's special needs or strategies for dealing with them (*see, Matter of Charlene E.*, 281 AD2d 659).

Respondent's remaining contentions are either unpreserved or have been considered and found to be unavailing.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.