In the Matter of AMANDA TT., a Child Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDGAR TT., Appellant. (And Another Related Proceeding.) [804 NYS2d 152]—

Mugglin, J. Appeals from two orders of the Family Court of Rensselaer County (Griffin, J.), entered March 2, 2005, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In this appeal from a permanent neglect finding, respondent, the father of Amanda and Joseph, makes four arguments. There is no merit to his first argument that the children have not been in the care of petitioner for more than one year because they were voluntarily placed (see Social Services Law § 384-b [7] [a]). Petitioner received the children pursuant to a voluntary placement agreement with their mother in February 2001. This proceeding was commenced on January 31, 2003. Contrary to respondent's arguments, the statute makes no distinction between children taken from a parent and children voluntarily placed by a parent.

Next, we likewise find no merit to respondent's contention that petitioner failed to prove that it made "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]) between respondent and his children. Despite respondent's incarceration throughout much of the relevant time period, petitioner arranged for visitation between the children and respondent at the jail and made repeated contact with respondent to set up appointments for him to receive mental health evaluations, alcohol dependency treatment and a batterers' intervention program. Although respondent was evaluated and the programs were recommended, he completed none despite the fact that they were appropriately tailored to address his specific problems which were preventing reunification with his children (see Matter of Anthony S., 291 AD2d 747, 747-748 [2002]; Matter of Jennie KK., 239 AD2d 666, 668 [1997], lv denied 90 NY2d 807 [1997]).

Next, respondent argues, in the alternative, that if petitioner has adequately established its compliance with the above threshold issues, the adjudication of permanent neglect was nevertheless erroneous since he established the existence of an adequate plan for the future of the children (see Social Services Law § 384-b [7] [a]). The record belies this claim as it shows his only plan was to place the children with his brother and sister-in-law. Moreover, the record reflects his absolute failure to make contact with the children or petitioner, either for six months

before or during the pendency of the permanent neglect proceeding.

Lastly, while respondent was entitled to be represented by effective counsel in these proceedings (*see* Family Ct Act § 262 [a] [iv]; *Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]), we are unpersuaded that, " 'viewed in totality and as of the time of the representation' " (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]), he was not afforded " 'meaningful representation' " (*People v Henry, supra* at 565, quoting *People v Benevento*, 91 NY2d 708, 712 [1998]).

Cardona, P.J., Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.