■ In the Matter of CRYSTAL Q. et al., Alleged to be Permanently Neglected Children. DAVID CLOVSKY, as Commissioner of the Chemung County Department of Social Services, Respondent; WILLIAM R. et al., Appellants.—Mahoney, P. J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered March 29, 1990, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents appeal an order of the Family Court adjudicating three of their children* to be permanently neglected and terminating their parental rights. In December 1983 the children were removed from respondents' home and placed with petitioner after allegations of sexual abuse by respondent William R. After a protective order was issued denying William access to the children, they were returned to respondent Diana R. Thereafter, William, who had ostensibly left home under the protective order, violated that order and new allegations of sexual abuse were brought, resulting in the children again being removed from respondents' home in April 1984. Family Court subsequently sustained the allegations of sexual abuse and ordered the children assigned to petitioner for 18 months.

From December 1983 to December 1989, petitioner engaged in regular assessment, planning and programming with respondents in an effort to return the children, whose placement with petitioner had been periodically extended by Family Court. Although William attended counseling related to the sexual abuse, both he and Diana continued to deny that such ever occurred and Diana refused petitioner's offers for sexual abuse treatment. In addition to the sexual abuse, petitioner also addressed concerns that William abused alcohol and that respondents' apartment was not suitable for a return of the children. William sporadically attended sexual abuse counseling until 1987 when he was placed in group therapy with

---

* Respondent Diana R. is the biological mother of all three children involved in this proceeding, while respondent William R. is the biological father of two of the children and the stepfather of the other.

other former perpetrators. Respondents' denial continued until September 1989 when William admitted that he had abused the children. Diana, however, refused to admit that such abuse could have ever taken place and attempts at counseling remained unsuccessful.

In November 1989, petitioner filed a permanent neglect petition seeking to terminate respondents' parental rights to the three children. Following a fact-finding hearing, Family Court found that respondents had permanently neglected the children and a subsequent dispositional hearing resulted in Family Court's order terminating respondents' parental rights. This appeal followed.

We affirm. Respondents initially argue that Family Court's finding of permanent neglect is not supported by clear and convincing evidence in the record (see, Family Ct Act § 622). We disagree. Permanent neglect occurs when a parent, although able to do so, fails for more than one year following removal of a child to, *inter alia,* substantially and continually plan for the future of that child (Social Services Law § 384-b [7] [a]). Such planning involves taking measures to "provide an adequate, stable home and parental care" (Social Services Law § 384-b [7] [c]). In achieving these ends, respondents were required to formulate plans not only for their children's future but for themselves as well, including taking steps to correct the conditions that led to the removal of the children in the first place (see, *Matter of Nathaniel T.,* 67 NY2d 838, 840; *Matter of Leon RR,* 48 NY2d 117, 125). Despite William's recent admission, Diana continues to deny that the children were ever abused, thus rendering rehabilitative services ineffective (see, Social Services Law § 384-b [7] [c]) and preventing any assurance that the children would be safe if returned home (see, *Dutchess County Dept. of Social Servs. v G.,* 141 Misc 2d 641, 650-651). This conclusion is fully supported by the testimony of several counselors and therapists including Patricia Novinski, a therapist with Family Services, who stated that the underlying reasons for abuse in the home still existed and that the children would be at risk if returned. Accordingly, clear and convincing evidence exists to support Family Court's findings.

We summarily reject respondents' contention that reversal is required because of Family Court's refusal to conduct in camera interviews with the children. Such consideration, although statutorily permitted for children over 14 years of age, is discretionary (Social Services Law § 384-b [3] [k]). In this instance none of the children were over 13 at the time of the

hearing, and we are convinced that Family Court's disposition was clearly in the best interests of the children.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.