■ In the Matter of JOHN S., a Child Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEAN T., Appellant. (And Three Other Related Proceedings.) [606 NYS2d 344] —Cardona, J. Appeals from four orders of the Family Court of Rensselaer County (Perkinson, J.), entered June 29, 1992, which granted petitioner's applications, in four proceedings pursuant to Social Services Law § 384-b, to adjudicate four of respondent's children to be permanently neglected and terminated respondent's parental rights.

The four children involved in these proceedings have been in care outside the home since April 7, 1987. Anna (born in 1977), Alvah (born in 1979), Jeanette (born in 1987) and John (born in 1985) were found to be abused children in June 1988. Petitioner filed four petitions in November 1991 alleging that

respondent, the biological mother of the four children, permanently neglected all of them. After fact-finding and dispositional hearings, Family Court found all four children to be permanently neglected and terminated respondent's parental rights. Respondent appeals. We affirm.

The initial inquiry in a permanent neglect proceeding is whether the agency exercised diligent efforts to encourage and strengthen the parental relationship *(Matter of Star Leslie W.,* 63 NY2d 136, 142; *Matter of George U. [Stanley U.],* 195 AD2d 718).* There is clear and convincing evidence in the record that petitioner exercised diligent efforts in setting up and carrying out a plan to assist respondent in reuniting with her children. The plan included a visitation program, family therapy, adequate housing, the evaluation of respondent's boyfriend and feasibility of his participation in therapy, and regular contact with petitioner, including treatment reviews. The record indicates that petitioner encouraged respondent's participation and, although she cooperated to a certain extent initially, she unilaterally ceased involvement in June 1988. After that time, although she occasionally verbalized about her children, sent occasional cards and made infrequent phone calls, she did not take affirmative steps and was not cooperative. Respondent now takes the untenable position that she discontinued the treatment plan in June 1988 because of her nerves, financial reasons, the loss of her family home and her father's illness. Certainly, those problems are appreciated, but they are not fair and adequate excuses for failing to participate in the children's lives. Even after respondent's father died, she did not contact the counseling agency. She admitted that she did not comply with the treatment plan.

An agency which tries to reunite a parent with a child but is confronted by an uncooperative or indifferent parent is deemed to have fulfilled its duty *(Matter of Star Leslie W., supra,* at 144).* Certainly, rights of biological parents must be protected. However, children of tender years also have rights as human beings. They have the right to a stable and permanent home. They should not be relegated to a life of perpetual uncertainty and interminable foster care. Unfortunately, respondent did not take the necessary steps to be in the position to provide an adequate, stable home and parental care for her children.

Respondent further contends error in Family Court's refusal to admit into evidence the contents of certain letters sent by her children to her. This contention is without merit. The offer was made during the fact-finding hearing and did not

meet the requirements of Family Court Act § 624. It should have been offered during the dispositional hearing. Respondent offered no evidence at the dispositional hearing. Accordingly, Family Court's order granting the petitions and terminating respondent's parental rights must be upheld.

Weiss, P. J., Crew III, White and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.