■ In the Matter of DIANA CRYSTAL D., and Another, Children Alleged to be Neglected. CATHOLIC GUARDIAN SOCIETY, Respondent; JOSEPH D., Appellant-Respondent; SHERLIE O. et al., Intervenors-Respondents-Appellants; JESSIE N. et al., Intervenors-Respondents. [606 NYS2d 186] —Orders, Family Court, New York County (Mary E. Bednar, J.), entered on or about January 15, 1993, which terminated the parental rights of respondent-father to his twin daughters and transferred their custody and guardianship to the Commissioner of Social Services for the purposes of adoption by intervenors-cross-respondents-foster parents, following a fact-finding determination on June 1, 1992, that respondent had permanently neglected them despite diligent efforts on the part of petitioner-agency to strengthen the parental relationship, and which granted intervenors-cross-appellants-maternal grandparents visitation with the children at least once a month, unanimously affirmed, without costs.

Petitioner satisfied its statutory burden of proving by clear and convincing evidence that respondent permanently neglected his children by failing to plan for their future *(see, Matter of Orlando F.,* 40 NY2d 103). Also supporting the findings was respondent's repeated refusal to admit in counseling that he committed incestuous acts despite criminal convictions for such acts *(Matter of Travis Lee G.,* 169 AD2d 769). Further, an agency is not charged with insuring that the parent succeed in overcoming his predicaments and an agency that embarked on a diligent course but faced an utterly uncooperative parent is deemed to have fulfilled its statutory duty *(Matter of Sheila G.,* 61 NY2d 368, 385). The agency herein informed respondent of the necessity to complete a therapy program for sex offenders, but he never admitted to being a sexual abuser and either dropped out or was dropped from various programs, thus failing to plan for his daughters' future *(see, Matter of Charles Frederick Eugene M.,* 171 AD2d 343, *appeal dismissed* 79 NY2d 977).

The court properly ruled that the best interests of the children would be served by terminating respondent's parental rights and freeing the girls for adoption by their foster parents of eight years (Family Ct Act § 631). There is no presumption that the children's best interests will be best served by placement with the natural parent or any other custodian *(Matter of Star Leslie W.,* 63 NY2d 136, 147-148), and grandparents have no more special rights than other non-biological custody contestants *(see, Matter of Peter L.,* 59 NY2d 513). Should there be a need for an order with more detailed provisions as to the grandparents' visitation, they should apply for such relief from the Family Court, which can be advised as to events transpiring since the orders now appealed from. Concur—Carro, J. P., Wallach, Asch and Nardelli, JJ.