■ In the Matter of KAYTE M., a Child Alleged to be Permanently Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TYLENE N., Appellant. [608 NYS2d 711] — Crew III, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered June 5, 1992, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's daughter a permanently neglected child, and terminated respondent's parental rights.

Respondent is the natural mother of Kayte M. (born in May 1985). The record indicates that Kayte was removed from respondent's home in August 1986 following allegations of sexual abuse and placed in petitioner's custody. In May 1990, Kayte was adjudicated an abused and neglected child. Custody was continued with petitioner and respondent was ordered to, *inter alia,* attend and successfully complete a counseling program for sexual offenders. In June 1991, respondent was discharged from the sexual offender's program she entered based upon her refusal to admit that she had sexually abused her child, and petitioner commenced this proceeding to adjudicate Kayte a permanently neglected child. At the conclusion of the hearing that followed, at which respondent appeared and testified, Family Court found that Kayte was a permanently neglected child and terminated respondent's parental rights. This appeal by respondent followed.

We affirm. In fulfilling its statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship, petitioner was required to, *inter alia,* provide services and other assistance aimed at ameliorating or resolving the problems preventing Kayte's return to respondent's care (Social Services Law § 384-b [7] [f] [3]; *see, Matter of Albert T.,* 188 AD2d 934, 936). Similarly, respondent was obligated to formulate a plan for Kayte's future, which included taking steps to

correct the very problem that led to Kayte's removal from her home in the first instance, i.e., the sexual abuse *(see, Matter of Grace Q.,* 200 AD2d 894, 895-896; *Matter of Tammy B.,* 185 AD2d 881, 882-883, *lv denied* 81 NY2d 702; *Matter of Crystal Q.,* 173 AD2d 912, 913, *lv denied* 78 NY2d 855).

In our view, requiring respondent to attend and successfully complete a program for adjudicated sex offenders was entirely appropriate, and respondent's refusal to do so provides the clear and convincing evidence needed to support Family Court's finding of permanent neglect *(see, supra; see also, Matter of Travis Lee G.,* 169 AD2d 769, 770; *Matter of David C.,* 162 AD2d 973, 974). Although respondent contends that petitioner's plan was unrealistic in that it set unreasonably high goals, i.e., her successful completion of the program, and suggests that petitioner was required to accommodate her refusal to acknowledge the sexual abuse by formulating an alternative plan, we cannot agree. It was respondent's continued denial, not any inadequacy in petitioner's plan, that prevented Kayte's return to her. Respondent's remaining arguments, including her assertion that termination of her parental rights was not in Kayte's best interest, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.