■ In the Matter of NATAJHA STARR M., a Child Alleged to be Neglected. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; ALICE M., Appellant. [612 NYS2d 413] —Order of disposition, Family Court, New York County (Bruce Kaplan, J.), entered January 6, 1993, which permanently terminated respondent's parental rights and awarded custody and guardianship of the subject child to the Commissioner of Social Services and petitioner agency for the purposes of adoption, following a fact-finding determination that respondent had

permanently neglected the child by failing to plan for her future, unanimously affirmed, without costs.

Clear and convincing evidence established that petitioner exerted diligent efforts to encourage and strengthen the parental relationship by urging and arranging for respondent to attend and complete a drug rehabilitation program. Respondent's failure to complete such a program does not invalidate those efforts (see, Matter of Sheila G., 61 NY2d 368, 385), and also establishes her failure to plan for the future of the child (Social Services Law § 384-b [7] [c]). A fair preponderance of the evidence shows that the order of disposition is in accord with the best interests of the child (Family Ct Act § 623; see, Matter of Gerald M., 112 AD2d 6), there being no presumption that those interests will be served best by return to the biological parent (Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148). We have considered respondent's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Kupferman, JJ.