■ In the Matter of CHIANTI FF. and Another, Children Alleged to be Permanently Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BENJAMIN GG., Appellant, et al., Respondent. [613 NYS2d 290] —White, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered March 10, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected and terminated their parental rights.*

Respondents, Benjamin GG. (hereinafter Benjamin, Sr.) and Donna FF. (hereinafter Donna), were accused by petitioner in May 1987 with abuse and neglect of their child, Benjamin GG., Jr. (hereinafter Benjamin, Jr.), and Donna's daughter, Chianti FF., due to Benjamin, Sr.'s attempted vaginal intercourse with Donna's daughter. Respondents denied the allegations and, following a hearing, Family Court adjudged both children to be abused and neglected and ordered their placement in petitioner's custody for 18 months, and that respondents remain under petitioner's supervision for a period of up to 18 months. Benjamin, Sr. appealed from the order of disposition and, in July 1990, this Court affirmed the order, finding that the allegations of sexual abuse had been proven by a preponderance of the evidence and that there was sufficient evidence of physical abuse of Benjamin, Jr. and neglect of both children (see, Matter of Chianti FF., 163 AD2d 688, appeal dismissed 78 NY2d 1058).

Benjamin, Jr.'s placement with petitioner was extended four times and, in October 1992, petitioner commenced this proceeding alleging that respondents had failed to plan for the children's future and seeking termination of respondents' parental rights. A fact-finding hearing was held in December 1992 and Family Court found that despite diligent attempts by petitioner to develop and encourage the parental relationship, the children were permanently neglected. At a dispositional hearing in February 1993, at which time no additional proof was offered, Family Court found that it was in the children's best interests to terminate respondents' parental rights, and an order to this effect was entered. This appeal ensued.

---

* Only Benjamin GG. appeals from said order.

Benjamin, Sr. contends that petitioner did not make a diligent effort to encourage and strengthen the parental relationship, that there was no clear and convincing proof that Benjamin, Jr. was a permanently neglected child and that committing Benjamin, Jr. to petitioner's custody was not in his best interest.

In proceedings to terminate parental rights, the threshold question is whether the agency has discharged the statutory duty to exercise diligent efforts to encourage and strengthen the parental relationship (*Matter of Gregory B.*, 74 NY2d 77). In this case a service plan was prepared by petitioner and Benjamin, Sr. was directed, *inter alia*, to participate in psychological evaluation, parenting classes, alcohol and drug evaluation, and visitation.

From the record it appears that despite weekly visitations by the caseworker, during which time she attempted to review the service plan with Benjamin, Sr., there was a total refusal to cooperate for over a year. A subsequent caseworker, assigned to the case in 1988, testified that although Benjamin, Sr. did participate in monthly visitations with his son, he had refused to attend parenting classes or be evaluated at the Alcohol/Drug Rehabilitation Center for over four years and, in addition, failed to attend scheduled diagnostic evaluations or plan for Benjamin, Jr.'s future.

Although one of the terms of the 1987 dispositional order required Benjamin, Sr. to undergo psychological evaluation and to participate in group counseling for sexual abuse, he refused to take part in these programs while his appeal was pending. Upon the conclusion of the appeal, he made a lackluster attempt to participate in counseling; however, he was out of compliance within three weeks and discharged from the program after less than 60 days due to his complete lack of cooperation.

Social Services Law § 384-b (7) requires parents to take steps necessary to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available and, at a minimum, a parent is required to address specific personal familial problems which initially proved harmful to the child and which in the future may endanger or possibly harm the child (*see, Matter of Nathaniel T.*, 67 NY2d 838; *Matter of Tammy B.*, 185 AD2d 881, *lv denied* 81 NY2d 702). There is clear and convincing evidence showing diligent attempts by petitioner to assist Benjamin, Sr. in obtaining counseling and correcting his

problems, which were thwarted by his attitude. Where an agency has embarked on a diligent course but faces lack of cooperation or indifference, it should nevertheless be found to have fulfilled its duty *(Matter of La'Vetta Danile S. F.,* 194 AD2d 384; *Matter of John ZZ.,* 192 AD2d 761). Further, where a parent continues to deny his problems, thus rendering rehabilitative services ineffective, it cannot be said that the agency did not exercise due diligence *(see, Matter of Crystal Q.,* 173 AD2d 912, *lv denied* 78 NY2d 855).

We find that petitioner fulfilled its statutory obligation by attempting to strengthen Benjamin, Sr.'s parental relationship and to assist him in obtaining counseling. However, Benjamin, Sr. not only refused to address his problems or utilize the services offered, but also failed to make realistic plans for Benjamin, Jr.'s future *(see, Matter of John S.,* 199 AD2d 836; *Matter of Jennie EE.,* 187 AD2d 877, *lv denied* 81 NY2d 706).

The order of the Family Court should be affirmed.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.