(November 30, 1995)

■ In the Matter of JOHN F., a Child Alleged to be Permanently Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL

SERVICES, Respondent; SALLIE U., Appellant. (And Two Other Related Proceedings.) [634 NYS2d 256] —Spain, J. Appeals from three orders of the Family Court of Cortland County (Mullen, J.), entered December 16, 1993, which granted petitioner's applications, in three proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be permanently neglected, and terminated respondents' parental rights.

Respondents, Sallie U. (hereinafter the mother) and Anthony U. (hereinafter the father), are married and are the biological parents of Clarissa (born in 1984) and Bobbie Sue (born in 1987); the mother is also a biological parent of John (born in 1977).

In June 1989 the Tompkins County Department of Social Services filed an abuse petition against respondents and, after a hearing, Family Court determined that the father had engaged in acts of sexual intercourse with Clarissa and Bobbie Sue.* By dispositional orders dated November 21, 1989, custody of John, Clarissa and Bobbie Sue was granted to petitioner. The order of disposition further provided that the father, upon his consent, could have no contact with the children; the mother was allowed visitation at petitioner's discretion and the children were placed in foster care. On December 15, 1989, Clarissa and Bobbie Sue were adjudicated by Tompkins County Family Court to be neglected by their mother because she failed to protect them from their father's sexual abuse. In September 1990, future proceedings were transferred to Cortland County Family Court.

In October 1991, petitioner filed three permanent neglect petitions which gave rise to these proceedings, to wit: one petition seeking to adjudicate John to be permanently neglected and naming the mother as respondent, and two petitions seeking to adjudicate Clarissa and Bobbie Sue to be permanently neglected and naming both the mother and the father as respondents. In December 1991, respondents resumed living together and continued to reside together through the time of the disposition of these cases.

After a lengthy fact-finding hearing, John, Clarissa and Bobbie Sue were adjudicated to be permanently neglected children. Family Court's determination was based on, *inter alia,* the father's unwillingness to admit, and seek treatment for,

---

* The determination was affirmed by this Court (*Matter of Anita U.*, 185 AD2d 378).

his acts of sexual misconduct with his daughters, and the mother's continual cohabitation with men having a history of sexual misconduct involving young children. Following a dispositional hearing, Family Court ordered that the mother's parental rights be terminated with respect to all three children and that the father's parental rights be terminated with respect to Clarissa and Bobbie Sue. The mother appeals from all three orders; the father appeals from the orders pertaining to Clarissa and Bobbie Sue.

The initial inquiry in any permanent neglect proceeding is "whether the child care agency exercised diligent efforts to strengthen and nurture the parent-child relationship" (*Matter of Gregory B.*, 74 NY2d 77, 86; *see, Matter of Chianti FF.*, 205 AD2d 849, 850). If Family Court concludes that the child care agency met its burden then there must be an inquiry into whether the parent in question has adequately planned for the future of his or her child(ren) during the year preceding petitioner's institution of the proceeding (*see*, Social Services Law § 384-b [7] [a]). In the case at bar, a separate inquiry is necessary for the father and the mother.

The father contends that petitioner did not establish that it met its initial burden and, further, that petitioner has not demonstrated that he failed to plan for the future of the children. Petitioner asserts that any efforts to reunite the children with the father would have been detrimental to the children (*see, Matter of Vaketa Y.*, 141 AD2d 892, 894; *Matter of Le-Bron*, 140 AD2d 276, 277; *Matter of Florence X.*, 75 AD2d 942, 942-943), and that the father's unwillingness to admit that he sexually abused his children and his failure to successfully complete treatment constitutes a failure to plan for the return of his children. Petitioner's assertion has merit and is fully supported by the record.

Critical to such a determination is whether the father has taken steps to correct the problem which initially led to removal (*see, Matter of Nathanial T.*, 67 NY2d 838, 840). The record clearly indicates that the father was unwilling to deal with his sexual abuse of his daughters. The father repeatedly refused to admit that he had engaged in inappropriate sexual contact with them and this denial and lack of cooperation subsequently led to him being expelled from his sexual offender treatment program. Thereafter, the father did not participate in any consistent counseling program. We conclude that, absent an admission to and successful completion of the counseling program, Family Court properly determined that the father failed to plan for the future of his children (*see*,

*Matter of Kayte M.*, 201 AD2d 835, 835-836, *lv denied* 83 NY2d 757; *Matter of Diana Crystal D.*, 200 AD2d 365; *Matter of Crystal Q.*, 173 AD2d 912, 913, *lv denied* 78 NY2d 855) and therefore properly terminated the father's parental rights.

The mother contends that petitioner did not demonstrate that it made diligent efforts to strengthen and encourage the parental relationship and did not show that she failed to plan for the children's future. Petitioner asserts that it did make diligent efforts and that the mother failed to plan for the future of the children by cohabiting with one sexual offender after another. The evidence adduced at trial shows that petitioner extended services to the mother involving case work counseling, mental health counseling and parent-aide services, and set a visitation schedule for the mother with all the children. The record further reveals that the mother generally cooperated with petitioner, participated in the programs set up by petitioner, and took advantage of all visitation opportunities. Clearly the record establishes that petitioner made meaningful, diligent efforts; therefore, our inquiry now turns to the mother's plans for the future with her children.

The mother's recent past includes cohabitation with a man who had been accused of child abuse while they were living together and who was subsequently convicted of sexual misconduct, and another man who was accused of rape and later incarcerated after a conviction of incest. Notably, throughout the instant proceedings, the mother lived with the father, who had been adjudicated to have sexually abused Clarissa and Bobbie Sue and who had consented to refrain from any contact with those children. Such conduct provided sufficient evidence to support Family Court's determination that the mother failed to plan for a future with her children (*see*, *Matter of Albert T.*, 188 AD2d 934). Further, the record is replete with instances which indicate that the children have made positive strides in their recovery process absent respondents' neglectful behavior. Given the evidence, the Law Guardian's recommendation and the circumstances of this case, we conclude that although Family Court could have, in its discretion, suspended judgment (*see*, Family Ct Act §§ 631, 633), its determination to terminate respondents' parental rights was not an abuse of discretion (*see*, *Matter of Francis R.*, 201 AD2d 834, 835).

Finally, although the father's contention that Family Court's admission into evidence of certain documents from petitioner's case file has some merit, we conclude that, in light of the overwhelming evidence supporting Family Court's determina-

tion of permanent neglect, the error, if any, was harmless (*see, Matter of Tiffany V.*, 201 AD2d 324; *Matter of Bradley U.*, 55 AD2d 722, *lv denied* 41 NY2d 803). We have considered respondents' remaining contentions and find them to be without merit.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.