■ In the Matter of DINA UU. and Others, Children Alleged to be Permanently Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT PP., Appellant. [638 NYS2d 247] —Spain, J. Appeals from two orders of the Family Court of Tompkins County (Barrett, J.), entered October 4, 1994 and November 16, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's five children to be permanently neglected, and terminated respondent's parental rights.

Dina UU. (born in 1979) and Heather UU. (born in 1980) are the daughters of Rebecca PP. and the stepdaughters of respondent. Carol Ann PP. (born in 1987), Eric PP. (born in 1989) and Melinda PP. (born in 1992) are the biological children of Rebecca PP. and respondent.* In March 1992, the children came into the care and custody of petitioner pursuant to an order of Family Court on an abuse petition filed by petitioner against respondent and Rebecca PP. On June 5, 1992 the children were adjudicated to be neglected within the meaning of Family Court Act § 1012 (f) (i) (B). Custody of the children was continued with petitioner pending further order of Family Court and respondent and Rebecca PP. were placed under the supervision of petitioner.

Respondent and Rebecca PP. agreed to an order of disposition which included, *inter alia*, supervised visitation with the children and psychological evaluations. Further, respondent and Rebecca PP. agreed to: "attend regularly scheduled meeting[s] with [petitioner] in order to participate in the development of a family service plan. Such meeting[s] may include attendance at and participation in parenting classes and/or other activities scheduled by [petitioner] to facilitate the return of the subject children." The family service plan established for respondent included parenting courses, a mental health evaluation, an alcohol evaluation, a domestic violence program, attending a group for sex offenders, meetings with a caseworker and supervised visitation.

---

* Respondent and his wife are also the biological parents of Robin PP. On December 13, 1994, Family Court granted petitioner's application to adjudicate Robin as a permanently neglected child, and terminated respondent's parental rights as to Robin. This Court affirmed that order in *Matter of Robin PP.* (222 AD2d 762).

Subsequently petitioner filed a petition dated December 20, 1993, wherein petitioner requested an order adjudicating the children to be permanently neglected and committing guardianship and custody of the children to petitioner. A fact-finding hearing was held on September 23, 1994 in Family Court, after which the court determined that the children were permanently neglected. A dispositional hearing was held on November 1, 1994 and by order entered November 16, 1994 Family Court terminated respondent's parental rights. Respondent appeals.

Respondent contends that petitioner failed to use diligent efforts to reunite the family. Specifically, respondent contends that petitioner (1) created an unrealistic plan for the reunification of the family, (2) failed to address respondent's hostility towards petitioner, and (3) located the children and provided the required services at such a distance from him that would make compliance with the plan very difficult, if not impossible. Respondent further contends that his partial compliance with the plan clearly showed his efforts to maintain contact with his children and his plans for their future. The threshold inquiry in a permanent neglect proceeding is whether petitioner exercised diligent efforts to encourage and strengthen the parental relationship (see, Social Services Law § 384-b [7] [f]; Matter of Gregory B., 74 NY2d 77, 86; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of John S., 199 AD2d 836, 837). Only after the child care agency has met its burden must there be an inquiry into whether the parent has adequately planned for the future of his or her children (see, Social Services Law § 384-b [7] [a]).

Upon review of the record we conclude that petitioner satisfied its statutory obligation to use diligent efforts to encourage and strengthen the parental relationship and, further, that respondent through his actions, and more importantly, his lack of action, failed to plan for the future of his children. One of respondent's caseworkers testified at the fact-finding hearing that the service plan, as set forth in the order of adjudication and stipulation, was implemented and that he had 20 personal meetings and 10 telephone contacts with respondent; several referrals to service providers were completed and arrangements to reimburse respondent for mileage incurred in traveling to and from the scheduled visitations were made. Respondent's response to the efforts of petitioner was abusive and uncooperative and, although respondent completed an alcohol evaluation, he failed to complete any other classes or groups mandated by the plan. The children's foster parents also testi-

fied that although visitation was afforded to respondent, his contact with the children was sporadic.

Respondent testified that he completed a parenting class and an alcohol evaluation; however, he admitted that he failed to complete a domestic violence program and that he failed to complete a sex offender program. Respondent stated that he did not feel he needed the services prescribed under petitioner's plan. Respondent also admitted that he missed scheduled visitation with his children but that the missed visits were due to car trouble or bad weather. "Where an agency has embarked on a diligent course but faces lack of cooperation or indifference, it should nevertheless be found to have fulfilled its duty" (*Matter of Chianti FF.*, 205 AD2d 849, 851). "Parents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child, and a failure to utilize medical, psychiatric, psychological and other social and rehabilitative services and material resources will be taken into account in determining whether parents have in fact met their statutory responsibility" (*Matter of Jamie M.*, 63 NY2d 388, 393; *see, Matter of Nathaniel T.*, 67 NY2d 838, 840-841; *Matter of Chianti FF.*, *supra*, at 850; *Matter of John S.*, *supra*, at 837).

Respondent's contentions are conclusory in nature and are not supported by the record. The record establishes that petitioner's efforts to foster and promote the parental relationship were frequently met with indifference and a complete lack of cooperation on the part of respondent. Respondent's unwillingness and inability to address the problems which led to the initial placement clearly establish a failure to plan for the return of the children (*see*, Social Services Law § 384-b [7]; *Matter of Kayte M.*, 201 AD2d 835, 836, *lv denied* 83 NY2d 757; *Matter of George U.*, 195 AD2d 718, 719-720).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the orders are affirmed, without costs.