■ In the Matter of SHAVONDA GG. and Another, Children Alleged to be Permanently Neglected. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; AMY II., Appellant. (And Another Related Proceeding.) [648 NYS2d 731] —Mercure, J. P. Appeals from two orders of the Family Court of Washington County (Hemmett, Jr., J.), entered June 12, 1995, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of the two children who are the subject of these proceedings. The children came into petitioner's care on April 9, 1992 on an emergency basis due to an incident involving alleged alcohol and domestic abuse. The children were thereafter returned home briefly but were again removed when respondent telephoned petitioner and asked that the children be taken from her because she had been drinking and was not in control. The children were then placed in a foster home, where they continued to reside at the time of commencement of these permanent neglect proceedings in August 1994. Following a fact-finding hearing conducted in June 1995, Family Court found that the children were permanently neglected and terminated respondent's parental rights. Respondent appeals.

As a threshold matter, we reject the contention that the proceedings were jurisdictionally defective due to the fact that the petitions incorrectly prayed for an order determining the respective children to be "abandoned". The petitions were labeled "Permanent Neglect" and their factual allegations, including the specific averments that the children had been in petitioner's custody for more than two years prior to initiation of the proceedings, that petitioner made diligent efforts to encourage and strengthen the parental relationship, that the best interests of the children would be promoted by commit-

ment of their guardianship and custody to petitioner and that respondent had failed to plan for their future, provided adequate factual support for and placed respondent on notice of the relief actually sought, i.e., a finding of permanent neglect and an order committing the guardianship and custody of the children to petitioner (*see*, Social Services Law § 384-b [7] [a]). In addition, at the outset of the fact-finding hearing, Family Court stated on the record that the petitions alleged permanent neglect and that the issues would be considered in connection with Social Services Law § 384-b.

Turning to the merits, we are unpersuaded that petitioner failed to prove by clear and convincing evidence that it fulfilled its statutory duty to make diligent efforts to encourage and strengthen the parental relationship or that respondent failed to plan for the future of her children (Social Services Law § 384-b [7] [a], [c], [f]). Respondent's primary problems were identified as alcoholism and mental illness, and arrangements were made for respondent to obtain intensive in-patient and out-patient treatment, counseling and therapy in each of those areas. Despite petitioner's best efforts, respondent made little progress. Although it was strongly recommended that respondent completely abstain from alcohol, she relapsed on a frequent basis, rarely maintaining sobriety for more than 3 to 4 months at a time. In fact, respondent required in-patient alcohol rehabilitation for a period of approximately six months in late 1993 and early 1994 and returned to drinking within days of her discharge.

Her mental condition was diagnosed as schizo-affective disorder, which manifested itself by suicidal tendencies, oratory hallucinations and paranoid ideation. She was prescribed Effexor, which she was to take twice daily by mouth, and Haldol and Desonate, which she was to receive by monthly injection. Unfortunately, respondent often refused to take her medication, either because it made her drowsy or because she simply would not recognize her illness. The uncontradicted testimony demonstrated that, absent the prescribed medication or while under the influence of alcohol, respondent was at best unable to interact appropriately with her children and at worst dangerous.

Under the circumstances, we conclude that petitioner fulfilled its obligation to develop a plan that was "realistic and tailored to fit respondent's individual situation" and assist in resolving her problems (*Matter of Jesus JJ.*, 223 AD2d 955; *see*, *Matter of Michelle F.*, 222 AD2d 748-749). Notably, there is no competent evidence in the record to support respondent's pres-

ent conjecture that she suffered from battered woman's syndrome or that she should have received treatment for it (*see, Matter of Timothy M.*, 220 AD2d 891, 892, *lv denied* 87 NY2d 808). We further conclude that respondent failed to confront personal problems that initially proved harmful to the children and were likely to endanger them in the future (*see, Matter of Nathaniel T.*, 67 NY2d 838, 840; *Matter of Tina JJ.*, 217 AD2d 747, 749, *lv denied* 87 NY2d 808; *Matter of Chianti FF.*, 205 AD2d 849, 850) or to "take real, affirmative and meaningful steps manifesting a sense of responsibility toward [them] so as to avoid a termination of parental rights" (*Matter of Matthew C.*, 216 AD2d 637, 638).

We agree with respondent, however, that Family Court erred in terminating respondent's parental rights without first conducting a dispositional hearing (*see, Matter of Loretta OO.*, 114 AD2d 648, 649-650; *see also, Matter of Rosa B.*, 161 AD2d 1152). The record does not support petitioner's claim that respondent consented that Family Court dispense with the dispositional hearing and make an order of disposition on the basis of the evidence admitted at the fact-finding hearing pursuant to Family Court Act § 625 (a). Under the circumstances, and despite the fact that the record provides adequate support for Family Court's disposition, we are required to reverse Family Court's orders and remit the matter for a dispositional hearing.

Respondent's additional contentions have been considered and found unavailing.

Crew III, White, Casey and Spain, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matters remitted to the Family Court of Washington County for further proceedings not inconsistent with this Court's decision.