■ In the Matter of CHEYENNE Q. and Others, Children Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHIRLEY Q., Appellant. (And Another Related Proceeding.) [657 NYS2d 224] —Carpinello, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered May 17, 1996, which, *inter alia*, granted petitioners' applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights as to Nicola Q and Maria Q.

As relevant to this proceeding, respondent is the mother of four children: Cheyenne (born in 1982), James (born in 1984), Nicola (born in 1987) and Maria (born in 1990). In May 1993, after a neglect petition was filed against respondent and ultimately sustained by Family Court, the children were placed in petitioner's custody, where they have remained ever since. Petitioner thereafter attempted to reunite respondent with her children by providing her with support services and counseling to assist her in correcting the problems that resulted in the original findings of neglect. This included sexual abuse counseling and alcohol counseling. Recommendations to attend outpatient drug and alcohol centers and a YWCA transition program as well as to obtain a female sponsor through Alcoholics Anonymous were given to respondent. Efforts were made to facilitate visitation with the children and for respondent to undergo a psychiatric evaluation. When petitioner's efforts proved unsuccessful, it commenced the instant proceedings to adjudicate the children permanently neglected and terminate respondent's parental rights. A fact-finding hearing ensued, at the conclusion of which Family Court adjudicated the children to be permanently neglected. Following a dispositional hearing, respondent's parental rights were terminated with respect

to Nicola and Maria and a suspended judgment was entered with respect to Cheyenne and James.* Respondent appeals.

We affirm. The testimony of petitioner's caseworkers, counselors and other service providers established that petitioner did all that could reasonably be expected to assist respondent in reuniting her with the children (*see,* Social Services Law § 384-b [7] [f]). Appropriate services tailored to meet respondent's specific needs and problems were provided or offered and respondent was provided with sufficient understandable information and a realistic opportunity to achieve the reunification goal. Noting that an "agency is not a guarantor of a parent's success" (*Matter of Amanda R.,* 215 AD2d 220, *lv denied* 86 NY2d 705) and is required only to make "reasonable attempts" to foster the parent-child relationship (Social Services Law § 384-b [7] [f]), a review of the record convinces us that petitioner, as statutorily required, made meaningful and diligent efforts to strengthen the familial relationship between respondent and her children (*see, e.g., Matter of Sheila G.,* 61 NY2d 368, 384-385; *Matter of Shannon U.,* 210 AD2d 752, 753-754, *lv denied* 85 NY2d 807).

Despite the considerable efforts by petitioner, respondent did not actively participate in the plans designed to reunite her with her children or adequately plan for their future (*see,* Social Services Law § 384-b [7] [a]; *Matter of Shavonda GG.,* 232 AD2d 780, 781). In determining whether a parent has failed to adequately plan for his or her children's future, a court may consider the parent's failure to utilize services made available to them (*see,* Social Services Law § 384-b [7] [c]) and whether the parent has taken steps to correct the problems which initially led to the children's removal (*see, Matter of Nathaniel T.,* 67 NY2d 838, 840; *Matter of Shavonda GG., supra*).

Despite her alcoholism, respondent's commitment to and attendance at alcohol treatment programs during the entire period that her children have been removed from her care were sporadic. For example, after receiving inpatient treatment at a hospital and being discharged, respondent failed to enroll in an outpatient drug and alcohol center, as directed, for over two months. When she finally did enroll in that program, her attendance was poor and she was ultimately discharged after fighting with another patient. Six months elapsed before respondent entered another drug and alcohol program. Again, her attendance at this program was minimal (she attended approximately half of the required classes) and, following an-

---

* Additionally, a proceeding commenced by respondent seeking custody of the children was dismissed.

other altercation, she refused to return to the group sessions. At one session, respondent smelled of alcohol and refused to undergo a breathalyzer test. Despite recommendations that she enter a transition program sponsored by the YWCA, obtain a female sponsor and attend Alcoholics Anonymous, respondent failed to do so. Even though respondent did seek treatment from Al-Care a few months after the instant petitions were filed, her attendance at this program was also poor.

We also note that respondent refused to be evaluated by a psychiatrist (see, Social Services Law § 384-b [7] [c]) and, as of the fact-finding hearing, resided with a substance abuser who refused to accept her children's problems. Additionally, despite evidence that her children were sexually abused, respondent refused to meaningfully discuss or acknowledge her involvement in such abuse or meaningfully address this problem. In sum, although respondent appears to love her children, she is simply incapable of providing them with proper care or planning for their future; therefore, the finding of permanent neglect was warranted (see, Matter of Shannon U., supra, at 754; cf., Matter of Leon RR., 48 NY2d 117).

Respondent's remaining contentions have been considered and found to be without merit.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.