■ In the Matter of VERONICA T., a Child Alleged to be Permanently Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARY U., Appellant. [664 NYS2d 171] —Carpinello, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered January 24, 1995, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Veronica T., who was born on December 18, 1990 and placed in petitioner's custody several days later. The child was adjudicated to be neglected in February 1991. In January 1994, petitioner commenced the instant proceeding to adjudicate her permanently neglected and to terminate respondent's parental rights. At the conclusion of the fact-finding hearing, Family Court adjudicated the child to be permanently neglected. Respondent appeals from Family Court's subsequent disposition terminating her parental rights and committing the child to petitioner's custody.

We reject respondent's contention that petitioner failed to prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship as required by Social Services Law § 384-b (7) (a) (see, Matter of Sheila G., 61 NY2d 368, 384-385). On the contrary, we are satisfied that petitioner established an appropriate service plan for respondent designed to strengthen her relationship with Veronica which included mental health counseling (re-

---

spondent has been diagnosed as schizophrenic), appropriate visitation with the child and meetings with caseworkers emphasizing her need to maintain stable housing.

Petitioner's caseworkers encouraged respondent to attend her mental health counseling sessions and either offered her transportation or provided her with appropriate fare. When respondent failed to attend, her case was referred to an intensive case manager with the hope that a more frequent, one-on-one treatment plan would foster a positive counseling relationship. Respondent was also prescribed various medications to treat her schizophrenia which she refused to take consistently, either because of the side effects or because she simply would not recognize the need for same (*see, Matter of Shavonda GG.*, 232 AD2d 780, 781). Despite petitioner's efforts, respondent made little progress in addressing her mental health problems. Petitioner's caseworkers also attempted to facilitate visitation with the child by either personally transporting respondent or providing her with appropriate fare, but her attendance was sporadic and she often cut short the brief one-hour sessions. As new issues arose, additional services were offered to respondent, including domestic violence counseling to address a continued relationship with an abusive man and substance abuse counseling, to no avail.

In short, petitioner is not required to accommodate a parent's refusal to participate in programs necessary to address the conditions that caused the removal of a child in the first instance or to deal with destructive tendencies in his or her life (*see, Matter of Michael BB.*, 206 AD2d 600, 601). Petitioner fulfilled its obligation to develop a plan that was realistic and tailored to meet respondent's individual situation and to assist her in resolving her problems (*see, Matter of Jesus JJ.*, 223 AD2d 955). Despite these considerable efforts, respondent failed to actively participate in the plans designed to reunite her with her child or to adequately plan for Veronica's future (*see*, Social Services Law § 384-b [7] [a]). There is record evidence that the diagnosis of schizophrenia would not have been an insurmountable barrier for the return of Veronica if respondent had been willing to accept the offered treatment and counseling.

As to whether respondent adequately planned for Veronica's future, this Court may consider her failure to utilize available services (*see*, Social Services Law § 384-b [7] [c]) and her failure to take steps to correct the problems which initially led to the child's removal (*see, Matter of Nathaniel T.*, 67 NY2d 838, 840; *Matter of Cheyenne Q.*, 239 AD2d 620, 621-622). Acknowl-

edging that there were periods of infrequent contact, respondent nevertheless claims that there is insufficient proof that she substantially and continuously failed to maintain contact with Veronica. She also claims that the record does not reflect a parent who has not planned for her child. We disagree. Most indicative of respondent's failure to plan for Veronica is her failure to obtain permanent, suitable living arrangements. Declining housing services offered by petitioner, respondent instead chose to move from one location to another, none of which would have been suitable for a young child. These inappropriate arrangements included living in an attic room, an apartment with a group of unrelated men and women, and in a van. She also chose to live with an abusive man. At other times, she lived at a remote camp without plumbing, utilities or a telephone in an isolated area of Washington County. In short, the record amply demonstrates respondent's failure to plan for the future of her child (*see,* Social Services Law § 384-b [7] [a]) and supports Family Court's finding of permanent neglect.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.