■ In the Matter of SADIE K. and Others, Children Alleged to be Permanently Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT K., Appellant. [671 NYS2d 175] —Spain, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 14, 1997, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

In July 1992 petitioner took custody of respondent's three youngest children: Sadie (born in 1983), Kenneth (born in 1985) and Christina (born in 1978). In 1993 Family Court found that respondent had sexually abused Christina and had neglected Sadie and Kenneth. The children were then placed with petitioner and respondent was ordered to participate in a parenting skills workshop, a sex-offender program, and family and individual therapy with a program approved by petitioner. Petitioner set up both individual and family therapy sessions for the children and respondent with a clinical social worker in a therapeutic foster care program. An employee with petitioner's Foster Care Unit was made responsible for providing access to services for respondent and the children.

Petitioner commenced this permanent neglect proceeding in March 1996 seeking to terminate respondent's parental rights. The petition alleged, *inter alia*, that petitioner made diligent efforts to strengthen the parent-child relationship since the children came into petitioner's custody in 1992 and that, despite these efforts, respondent has consistently failed to plan for the future of the children; more specifically, the petition alleges that respondent failed to meaningfully participate in sex-offender's counseling, that he was discharged from said counseling because of his continued denial of the sexual abuse of his children and upon discharge failed to enroll in any other program, and, significantly, that he failed to maintain contact with his children and failed to visit the children since May 24, 1994. Family Court conducted a fact-finding hearing wherein the social worker, the Foster Care Unit employee and a psychologist who met with respondent on seven separate occasions all testified on behalf of petitioner; neither respondent

nor the Law Guardian called any witnesses. Following the hearing Family Court determined that the three children were permanently neglected. After a dispositional hearing, Family Court dismissed that portion of the petition regarding Christina due to her attaining the age of majority and terminated respondent's parental rights to Sadie and Kenneth. Respondent appeals.

We affirm. It is well settled that termination of parental rights is justified when an agency presents clear and convincing evidence that it has made diligent efforts to reunite a family and that, despite those efforts, the parent facing termination has not met those goals and objectives (*see, Matter of Josephine O.*, 245 AD2d 900, 901-902; *Matter of Jennie KK.*, 239 AD2d 666, 667-669, *lv denied* 90 NY2d 807; *see also*, Social Services Law § 384-b [7] [a]). Moreover, an agency fulfills its obligation by offering the appropriate services and encouraging participation; clearly, however, the agency cannot guarantee that a parent will be successful (*see, Matter of Joseph ZZ.*, 245 AD2d 881, 883; *Matter of Cheyenne Q.*, 239 AD2d 620, 621). Furthermore, we have repeatedly held that failure to admit to sexual abuse and participate in a program to address the problem which led to the removal of the children is evidence that a parent has not remedied the problem (*see, Matter of Heather E.*, 238 AD2d 678, 679-680; *Matter of Michelle F.*, 222 AD2d 747, 749). Where sexual abuse has been adjudicated, a petitioning agency is not required to accommodate a parent's unwillingness to admit the abuse, or offer the option of entering into an alternative treatment program that does not require an admission (*see, id.*, at 749).

Here, Family Court mandated a plan requiring respondent's participation in individual and family therapy, parenting skills programs and a sex-offender program. The record contains clear and convincing evidence that petitioner provided both individual and family therapy, which respondent attended sporadically. It also shows that he refused to participate in a sex-offender program despite participating in an assessment, having been offered three alternative programs and being apprised of the ramifications of his failure to participate.

Respondent's contentions that he was wrongfully denied admission into a sex-offender program, that alternative therapy should have been provided and that he was denied parenting skills training are not supported in the record. Respondent's further contention that petitioner failed to encourage the relationships with his children is also contrary to the evidence that both children attempted to address issues regarding his

sexual abuse in a therapeutic setting and, in the case of both children, he denied the abuse. In our view, Family Court's determination that petitioner made diligent efforts to assist respondent in addressing his needs and reuniting his family is supported by clear and convincing evidence. The failure to accomplish this goal rests squarely on respondent's shoulders.

Further, once it is established that an agency has made diligent efforts to reunite a family, a parent seeking to prevent termination must show a meaningful plan for the child's future during the year preceding the petition for termination (see, Matter of Joseph ZZ., 245 AD2d 881, 883-884, supra; Matter of Dina UU., 224 AD2d 877, 878; Matter of John F., 221 AD2d 858, 859, lv denied 88 NY2d 811; see also, Social Services Law § 384-b [7] [a]). To do so, a parent must address the problems that caused the removal in the first place (see, Matter of Cheyenne Q., 239 AD2d 620, 621-622, supra; Matter of John F., supra, at 860). Thus, where a parent mandated by Family Court to enter or remain in a sex-offender program refused to do so, this Court has determined that that parent had not adequately planned for the future (see, Matter of Jesus JJ., 232 AD2d 752, 754, lv denied 89 NY2d 809; Matter of Michelle F., 222 AD2d 747, 749, supra).

Here, the record reveals that respondent had no visitation with Kenneth due, in part, to respondent's denial of the child's disclosures regarding sexual abuse, and he only saw Kenneth during the periodic meetings set up to monitor the family. During several of those meetings Kenneth told respondent that he wished to be adopted by his foster parents. Respondent had no visitation with Sadie after he left a May 1994 therapy session during which she confronted him regarding his sexual abuse of her. Sadie refused to see respondent when he requested a visit in August 1995, and most recently, while in the residential treatment facility, she repeatedly told her therapist that she did not want to see respondent.

Further, respondent did not participate in counseling in a meaningful and continuous manner as evidenced by his complete withdrawal from family therapy and his spotty participation in individual therapy. Moreover, he did not participate in a sex-offender program despite his initial placement with the psychologist and the three other programs offered as an alternative. Finally, respondent did not participate in a parenting-skills program approved by petitioner, attempting to avoid the requirement by asserting without any support or background that he had complied with the requirement through a church program completed in 1993. The record

clearly supports Family Court's conclusion that there was no substantial or continuous contact for more than a year between respondent and the children, and that he had failed to plan for the children's future.

We have reviewed respondent's remaining contentions and find them to be without merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.