In the Matter of PAULETTE B. and Others, Children Alleged to be Permanently Neglected. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WALTER M., Appellant. [704 NYS2d 773] —Order unanimously affirmed without costs. Memorandum: Family Court properly terminated respondent's parental rights upon the basis of clear and convincing evidence that, despite petitioner's "diligent efforts to encourage and strengthen the parental relationship", respondent failed to plan for the future of the children (Social Services Law § 384-b [7] [a]). Although the court failed to comply with CPLR 4213 (b) by making specific findings of fact with respect to the fulfillment of petitioner's statutory obligation (*see, Matter of Kelly G.,* 244 AD2d 709), the record is sufficiently developed to enable us to make the necessary findings (*see, Matter of Howard R.,* 258 AD2d 893).

The record establishes that, until November 1996, petitioner worked actively to reunite the children with their mother. When that plan was no longer viable because the mother gave the children up for adoption, petitioner promptly acted to develop a service plan that was realistic and well-suited to the

particular deficits that stood in the way of reuniting respondent with the children (*see, Matter of Jeremy KK.*, 251 AD2d 904, 905; *Matter of Charlene TT.*, 217 AD2d 274, 276-277). Contrary to respondent's contention, the need for supervised visitation and parenting classes was well-documented. Nor was it unreasonable to require a drug evaluation given respondent's history of drug abuse. After the service plan was put in place, respondent refused to comply with it. In June 1997 petitioner discovered that respondent had moved to Florida without leaving a forwarding address. At the fact-finding hearing, he persisted in his refusals. Contrary to respondent's contention, "[p]etitioner was not required to revise the plan to accommodate respondent's insouciant approach toward meeting his obligations" (*Matter of Jeremy KK., supra*, at 905; *see, Matter of Veronica T.*, 244 AD2d 654, 655). "Where, as in this case, an agency has 'embarked on a diligent course' but faces an uncooperative parent, it should nevertheless be deemed to have fulfilled its duty" (*Matter of Michael BB.*, 206 AD2d 600, 601-602). We reject the contention of respondent that petitioner erected a barrier to reuniting respondent with the children when it placed his wife's grandchildren in his home in June 1996. (Appeal from Order of Monroe County Family Court, Bonadio, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.