In the Matter of ADA M.R. and Others, Infants. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARISOL R., Appellant. [760 NYS2d 802] —Appeal from an order of Family Court, Monroe County (Donofrio, J.), entered August 2, 2002, which terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to terminate the parental rights of respondent with respect to her five oldest children on the ground of permanent neglect. After fact-finding and dispositional hearings, Family Court granted the petition. Contrary to respondent's contention, a suspended judgment, "which is a brief grace period designed to prepare the parent to be reunited with the child (Family Ct Act § 633)," was not appropriate in this case (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]). Prior to the filing of the permanent neglect petition, the court had ordered respondent to complete substance abuse treatment, attend parenting classes, and participate in domestic violence and mental health counseling. Respondent entered the substance abuse treatment program eight days after commencement of the fact-finding hearing on the petition herein, which was over two years after the court had ordered her to do so. By the time of the conclusion of the dispositional hearing, respondent was not scheduled to complete the substance abuse treatment program for several more months and, upon completing that program, she had to address the other matters outlined in the service plan, including attending parenting classes and participating in domestic violence and mental health counseling. At that time, the five children who are the subject of this proceeding could be returned to her, but only one at a time and in two- to four-month increments. Thus, even assuming, arguendo, that respondent maintained her sobriety, we conclude that more than

a year would pass before all the children could be returned to her. The children had been living with their foster parents for over two years and had bonded with them, and the foster parents wished to adopt all five children. Thus, the court properly concluded that a suspended judgment would not be in the best interests of the children (*see Matter of Sonny H.B.,* 249 AD2d 940 [1998]). Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.