■ In the Matter of GEOFFREY N., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KECIA N., Appellant. [790 NYS2d 793]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 7, 2004 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent's child to be permanently neglected and terminated respondent's parental rights with respect to the child. Petitioner met its burden of establishing by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between respondent and the child by providing "services and other assistance aimed at ameliorating or resolving the problems preventing [the child's] return to respondent's care" (*Matter of Kayte M.*, 201 AD2d 835, 835 [1994], *lv denied* 83 NY2d 757 [1994]; *see* Social Services Law § 384-b [7] [a], [f] [3]; *Matter of Matthew C.*, 216 AD2d 637, 637-638 [1995]). Petitioner "is not charged with a guarantee that [respondent] succeed in overcoming . . . her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]; *see Matter of Christopher Jamar V.*, 12 AD3d 314 [2004]), and respondent's failure to complete any of the classes or other programs and services provided by petitioner does not invalidate petitioner's diligent efforts (*see Matter of Natajha Starr M.*, 204 AD2d 232 [1994], *lv denied* 84 NY2d 806 [1994]). Finally, the record of the dispositional hearing supports the court's determination that a suspended judgment is not in the child's best interests (*see Matter of Rutherford Roderick T.*, 4 AD3d 213, 214 [2004]; *Matter of Ada M.R.*, 306 AD2d 920, 920-921 [2003], *lv denied* 100 NY2d 509 [2003]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.