◼ In the Matter of BRITTANY K. and Others, Infants. HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GEORGETTA K., Now Known as GEORGETTA R., Appellant. [872 NYS2d 817]—

Appeal from an order of the Family Court, Herkimer County (Henry A. LaRaia, J.), entered June 26, 2007 in a proceeding pursuant to Social Services Law § 384-b. The order adjudged that the subject children are permanently neglected and terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Family Court properly adjudicated respondent mother's three children to be permanently neglected and terminated the mother's parental rights with respect to them. Petitioner presented evidence establishing that it provided "services and other assistance aimed at ameliorating or resolving the problems preventing [the children's] return to [the mother's] care" (*Matter of Kayte M.*, 201 AD2d 835, 835 [1994], *lv denied* 83 NY2d 757 [1994]). Thus, petitioner met its burden of proving "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the mother] and the child[ren]" (*Matter of Ja-Nathan F.*, 309 AD2d 1152 [2003]; *see* Social Services Law § 384-b [7] [a]). Petitioner "is not charged with a guarantee that the [mother] succeed in overcoming . . . her predicaments" (*Matter of Sheila G.*, 61 NY2d 368, 385 [1984]) and, "[a]lthough [the mother] participated in [some of] the services offered by petitioner, [s]he failed to address successfully the problems that led to the removal of the child[ren] and continued to prevent [their] safe return" (*Ja-Nathan F.*, 309 AD2d at 1152).

The mother failed to preserve for our review her contention that the court erred in admitting evidence at the fact-finding hearing with respect to events preceding the removal of the children and predating the instant petition by more than one year (*see generally Matter of William C.*, 9 AD3d 897, 898 [2004]). In any event, that evidence was "relevant and instructive" for the limited purpose of ascertaining the conditions that led to the removal of the children in the first instance (*Matter of Nathaniel T.*, 67 NY2d 838, 841 [1986]). We reject the contention of the mother that her attorney's failure to object to the admission of that evidence constitutes ineffective assistance of counsel (*see generally Matter of Cody T.B.*, 27 AD3d 1166 [2006]).

The mother also failed to preserve for our review her contention that the Law Guardian should have apprised the court of the children's wishes at the dispositional hearing (*see Matter of Alyshia M.R.*, 53 AD3d 1060, 1061 [2008], *lv denied* 11 NY3d 707 [2008]). In any event, the record establishes that the Law Guardian had previously apprised the court of the children's wishes at the fact-finding hearing, and her failure to do so again at the dispositional hearing "did not prevent the court from considering the child[ren]'s best interests" (*id.*). Thus, any error must be deemed harmless. Present—Martoche, J.P., Fahey, Green and Pine, JJ.