# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**262**

**CAF 12-00247**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF LILLIANNA G.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ORENA G., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR
LILLIANNA G.

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered January 11, 2012 in a proceeding pursuant to Social Services Law § 384-b.  The order, among other things, transferred the guardianship and custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Social Services Law § 384-b, respondent mother appeals from an order that, inter alia, terminated her parental rights with respect to the subject child and ordered that the child be freed for adoption.  Contrary to the mother's contention, petitioner established "by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between [the mother] and the child" (*Matter of Ja-Nathan F.*, 309 AD2d 1152, 1152; *see* Social Services Law § 384-b [3] [g] [i]; [7] [a]; *see generally Matter of Star Leslie W.*, 63 NY2d 136, 142). Furthermore, "Family Court properly determined that the child is a neglected child based upon the derivative evidence that [three] of the mother's other children were determined to be neglected children . . . , including the evidence that [the mother] had failed to address the mental health issues that led to those neglect determinations and the placement of the custody of those children" in a foster home (*Matter of Sophia M.G.-K. [Tracy G.-K.]*, 84 AD3d 1746, 1746-1747 [internal quotation marks omitted]).

Contrary to the mother's further contention, the court properly denied her request for a suspended judgment.  A suspended judgment, as

provided for in section 633 of the Family Court Act, "is a brief grace period designed to prepare the parent to be reunited with the child" (*Matter of Michael B.*, 80 NY2d 299, 311; *see Matter of Baron C.*, 101 AD3d 1622, 1622; *see also Matter of Ada M.R.*, 306 AD2d 920, 920-921, *lv denied* 100 NY2d 509).  "The court's assessment that [the mother] was not likely to change [her] behavior is entitled to great deference" (*Matter of Philip D.*, 266 AD2d 909, 909; *see Matter of Jane H. [Susan H.]*, 85 AD3d 1586, 1587*, lv denied* 17 NY3d 709).

We have considered the mother's remaining contentions and conclude that they are without merit.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court